*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**UNITED STATES**
Appellee

**v.**

**Michael Z. PABELONA, Chief Hospital Corpsman**
United States Navy, Appellant

**No. 16-0214**

Crim. App. No. 201400244

Argued October 12, 2016—February 1, 2017

Military Judge: J. K. Waits

For Appellant: *Lieutenant Christopher C. McMahon*, JAGC, USN (argued); *Major M. Brian Magee*, USMC (on brief).

For Appellee: *Lieutenant James M. Belforti*, JAGC, USN (argued); *Major Suzanne M. Dempsey*, USMC, *Captain Matthew M. Harris*, USMC, and *Brian K. Keller*, Esq. (on brief); *Colonel Mark K. Jamison*, USMC, and *Colonel Valerie L. Danyluk*, USMC.

Judge SPARKS delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges STUCKY, RYAN, and OHLSON, joined.

———————

Judge SPARKS delivered the opinion of the Court.

Contrary to his pleas, Appellant was convicted by a panel of officer and enlisted members of one specification of larceny in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921 (2012), and one specification of signing a false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907 (2012).[1] Appellant was sentenced to sixty days of confinement, sixty days of restriction, reduction to E-5, total forfeiture of pay and allowances, and a $60,000 fine with a contingent sixteen months of confinement if he did not pay the fine. The convening authority approved the adjudged sentence. The United States Navy-

———

[1] Appellant was acquitted by members of conspiracy to commit marriage fraud in violation of Article 81, UCMJ, 10 U.S.C. § 881 (2012), and obstruction of justice in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2012).

Marine Corps Court of Criminal Appeals affirmed the findings and sentence. Appellant then filed a petition for review, asking this Court to determine whether statements the trial counsel made during closing argument on the merits and argument on sentencing amounted to plain error. We hold that, even if we were to assume error, there was no material prejudice to the substantial rights of Appellant. Therefore, the decision of the Navy-Marine Corps Court of Criminal Appeals is affirmed.

**Facts**

On February 3, 2011, Appellant married Yadira Martinez Vasquez (Yadira). He subsequently enrolled her in the Defense Enrollment Eligibility Reporting System and, in May 2011, received authorization for Basic Allowance for Housing (BAH) at the "with dependents" rate. Appellant received BAH at the "with dependents" rate from May 2011 through April 2013, collecting more than $45,000 in BAH. Prompted by a 2012 report from a member of Appellant's command, investigators began looking into whether this was a "sham" marriage, entered into only so Appellant could collect BAH at the higher rate.

A Naval Criminal Investigative Services agent testified at trial that, upon investigating Appellant's marriage, she learned that Appellant had made numerous purchases at designer clothing and other high end stores, had in excess of $55,000 in consumer debt, and had almost no funds in his checking and savings accounts. She also testified that Appellant and Yadira, an undocumented immigrant from Honduras, did not live at the same address; that Appellant changed his story about whether he knew his wife was an undocumented immigrant and whether he had hired a lawyer to assist her; and that he could not remember where they were married or who had acted as the witness at the wedding. Appellant's former roommate (the two continued to live together, without Yadira, even after Appellant married) testified that Appellant told him that he got married in order to collect a higher BAH.

As part of the general instructions to the panel prior to closing arguments, the military judge delivered an instruction that the arguments of counsel are not evidence. During the Government's closing argument on the merits and argument on sentencing, the trial counsel made a number of arguments that Appellant now claims were improper. These statements included (though were not confined to):

2

1) An accusation that Appellant was using money to attend strip clubs based on records (not in evidence) that he had withdrawn money from an ATM located at a strip club;
2) An insinuation that Appellant might be schizophrenic;
3) Calling Appellant an idiot, a deadbeat, and a con artist;
4) Calling Appellant a liar who "sleeps in a bed of lies."

Defense counsel raised no objection to any of the trial counsel's arguments at the time they were made and the military judge did not correct the trial counsel sua sponte.

## Discussion

"Improper argument involves a question of law that this Court reviews de novo." *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014). "The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Id.* (internal quotation marks omitted) (citation omitted). Because defense counsel failed to object to the arguments at the time of trial, we review for plain error. *United States v. Rodriguez,* 60 M.J. 87, 88 (C.A.A.F. 2004). The standard for plain error review requires that: "(1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008) (internal quotation marks omitted) (citation omitted). The burden lies with Appellant to establish plain error. *Id.*

Prosecutorial misconduct is "action or inaction by a prosecutor in violation of some legal norm or standard, *e.g.,* a constitutional provision, a statute, a Manual rule, or an applicable professional ethics canon." *United States v. Meek*, 44 M.J. 1, 5 (C.A.A.F. 1996). The standard was set by the Supreme Court in *Berger v. United States* in 1935, describing prosecutorial misconduct as behavior by the prosecuting attorney that "overstep[s] the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense." 295 U.S. 78, 84, (1935). The Supreme Court stated that the trial counsel:

> may prosecute with earnestness and vigor….But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a

wrongful conviction as it is to use every legitimate
means to bring about a just one.

*Id.* at 88.

Even were we to conclude that prosecutorial misconduct
occurred, relief is merited only if that misconduct "actually
impacted on a substantial right of an accused (*i.e.,* resulted
in prejudice)." *United States v. Fletcher*, 62 M.J. 175, 178
(C.A.A.F. 2005) (internal quotation marks omitted) (citation
omitted). "[P]rosecutorial misconduct by a trial counsel will
require reversal when the trial counsel's comments, taken as
a whole, were so damaging that we cannot be confident that
the members convicted the appellant on the basis of the evi-
dence alone." *United States v. Hornback*, 73 M.J. 155, 160
(C.A.A.F. 2014) (internal quotation marks omitted) (citation
omitted). "Where improper argument occurs during the sen-
tencing portion of the trial, we determine whether or not we
can be confident that [the appellant] was sentenced on the
basis of the evidence alone." *Frey*, 73 M.J. at 248 (alteration
in original) (internal quotations omitted) (citations omitted).

Here, we need only address the third element of plain er-
ror because, even were we to assume error, we see no evi-
dence that the trial counsel's arguments resulted in material
prejudice to any of Appellant's substantial rights. In as-
sessing prejudice in cases of prosecutorial misconduct, this
Court has looked at three factors: "(1) the severity of the
misconduct, (2) the measures adopted to cure the miscon-
duct, and (3) the weight of the evidence supporting the con-
viction." *Fletcher*, 62 M.J. at 184. The *Fletcher* court made no
determinations regarding how much weight to give each fac-
tor. However, in *United States v. Halpin*, this Court found
that the third factor so overwhelmingly favored the govern-
ment it was sufficient to establish lack of prejudice. 71 M.J.
477, 480 (C.A.A.F. 2013).

Here, as in *Halpin*, we find the weight of the evidence
supporting the conviction strong enough to establish lack of
prejudice in and of itself. The Government presented ample
evidence at trial to support the members' findings, including
the fact that Appellant and his wife never lived together;
that over the course of their marriage he took leave eighteen
times without returning to the United States to visit her
once; that he provided minimal financial support; and that
his roommate at the time he got married testified that Ap-
pellant told him he had only married in order to collect the
BAH.

In addition, Appellant was convicted on only two out of four charges, indicating the members were able to weigh the evidence offered at trial and make an independent assessment of Appellant's guilt or innocence with regard to each separate specification. His sentence was significantly less than the five years of confinement and $100,000 fine requested by the Government, including a relatively short term of confinement (potentially longer if he was unable to pay his fine but still nothing near the five years requested) and no discharge. There is no evidence that the members failed to reach their decisions based on the evidence alone. There is nothing to indicate material prejudice to Appellant's substantial rights.

This Court also granted review on an additional issue. At trial, the military judge provided the following instruction to the members prior to deliberation: "If, based on your consideration of the evidence, you are firmly convinced that the accused is guilty of a charged offense, you must find him guilty." Appellant challenges the use of the word "must" as improper. Because the instruction was not objected to at the time of trial, the standard of review for this issue is plain error. In accordance with *United States v. McClour*, we find that the military judge's use of the phrase "must find him guilty" does not amount to plain error. __ M.J. __ (C.A.A.F. 2017).

**Conclusion**

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.