Judge OHLSON,
concurring in part and dissenting in part.
When a trial counsel’s improper arguments, taken as a whole, are so damaging that this Court cannot be confident that the members convicted the accused on the basis of the evidence alone, the accused’s conviction must be reversed. United States v. Fletcher, 62 M.J. 176, 184 (C.A.A.F. 2005). In making this determination, this Court considers three factors: “(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction.” Id.
Upon analyzing each of these three Fletcher factors, I conclude that in the instant case the improper arguments by the trial counsel were egregious, the putative curative instructions by the military judge were inadequate, and the evidence presented by the Government to support some of the charges on which Appellant was convicted was less than compelling. Therefore, I cannot be confident that the members convicted Appellant of all *20 offenses on the basis of the evidence alone. Accordingly, I respectfully dissent from the majority’s conclusion affirming the sentence and all of the findings of guilty.
1. The Severity of the Misconduct
As demonstrated below, during Appellant’s court-martial the trial counsel made a variety of improper arguments that permeated his argument on findings.
(a) Trial counsel used the term “we” a multitude of times, often in the context of allying himself with the panel.[1] For example:
(i) “We all know [the victim] didn’t make this up.”
(ii) “[W]e all know [Appellant] lied on the video,”
(iii) “[W]e know [Appellant’s conduct] wasn’t accidental.”
(iv) “[W]e know this was not the actions of an innocent man.”
This Court has held that “[i]t is improper for a trial counsel to interject [himself or] herself into the proceedings by expressing a ‘personal belief or opinion as to the truth or falsity of any testimony or evidence.’ ” Fletcher, 62 M.J. at 179 (quoting United States v. Horn, 9 M.J. 429, 430 (C.M.A. 1980)). This “can include the use of personal pronouns in connection with assertions that a witness was correct or to be believed.” Id. at 180. As the four examples listed above illustrate, trial counsel improperly used personal pronouns throughout findings argument.
(b) As the military judge correctly ruled, trial counsel committed error by making the following improper arguments:
(i) Referring to obscene photos that were the basis for a specification in this case, trial counsel argued to the panel: “What kind of man has 118 photos of [his penis] on his phone? ... Is that the type of guy that would [sexually assault women]? You all know the answer.”
(ii) “If he won’t take no for an answer when they tell him to stop sending pictures, he’s not going to take no for an answer ... when [the victim is] telling him to get off, when she’s trying to push him off. He won’t take no for an answer from any female.”
As this Court observed in United States v. Burton, 67 M.J. 150, 152 (C.A.A.F. 2009), it is improper argument' for a trial counsel to encourage a panel to make inferences not fairly derived from the evidence. In my view, trial counsel’s propensity arguments were not fair inferences derived from the trial evidence.
(c) Trial counsel engaged in ad hominem attacks against Appellant. For example, trial counsel likened Appellant to an “old dirty man in a trench coat,” called him a “sexual predator,” and implied that he had psychological problems.
This Court has noted that “the prosecutor’s obligation to desist from the use of pejorative language ... is every bit as solemn as his [or her] obligation to attempt to bring the guilty to account.” Fletcher, 62 M.J. at 182 (internal quotation marks omitted) (citation omitted). Here, trial counsel used a series of pejorative terms to characterize Appellant.
(d) Trial counsel made inflammatory statements that were predicated on facts not in evidence. For example:
(i) “Six of these female [victims] were E-4 and loelow, and we all know how it works. Young females in the military are preyed upon.”
(ii) After the military judge told trial counsel in an Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839 (2012), session that he couldn’t introduce the results of Appellant’s sanity board without first laying the proper foundation, trial counsel failed to lay such a foundation but still argued to the panel as follows:'“Something’s wrong with him. We can’t say what it is, but he’s got issues and his issues are dangerous and they’re criminal.” Thus, trial counsel seems to have been arguing to the panel that Appellant had some sort of criminal psychological disorder, but the tri *21 al counsel was not at liberty to disclose what it was.
(iii) Perhaps most troubling, trial counsel made an inflammatory comment regarding defense counsel. He said: “[T]he defense, they have a good poker face, but we all know there’s not reasonable doubt.” The panel members could reasonably infer from trial counsel’s statement that defense counsel, despite their impassive expressions, knew that their client was guilty. Such an argument is extremely prejudicial to an accused and is patently unacceptable in a court-martial.
This Court has long recognized that “a court-martial must reach a decision based only on the facts in evidence.” Fletcher, 62 M.J. at 183; see also American Bar Association, ABA Standards for Criminal Justice Prosecution Function and Defense Function, Prosecution Function Standard 3.6.9 (3d ed. 1993) (“The prosecutor should not intentionally refer to or argue on the basis of facts outside the record_”). Moreover, “counsel are prohibited from making arguments calculated to inflame the passions or prejudices of the jury.” Fletcher, 62 M. J. at 183.[2]
Although there is no basis to believe that trial counsel had any malicious intent in making these improper arguments, I conclude that, taken as a whole, they constituted serious error.[3]
The military judge instructed the panel members to disregard only two of the improper arguments made by trial counsel:.(a) the “What kind of man has 118 photos” argument (cited at' l(b)(i), supra) and (b) the “If he won’t take no for an answer” argument (cited at 1(b)(ii), supra). The military judge did not instruct the panel regarding the many other improper arguments involving trial counsel’s (a) personal opinions as to the truth of the evidence, (b) inflammatory comments, and (c) citation to facts not in evidence, Thus, in my view, the military judge’s instructions did not provide the panel members with “a sufficient sense of judicial disapproval of both content and circumstance needed to dispel'the harm in the core of [trial counsel’s improper arguments].” United States v. Simtob, 901 F.2d 799, 806 (9th Cir. 1990).
2. The Measures' Adopted to Cure the Misconduct
3. The Weight of the Evidence Supporting the Conviction
Trial counsel’s improper arguments did not fatally taint Appellant’s convictions pertaining to the photograph-associated specifications. However, the other specifications where the Government obtained a conviction are different. For example, the charges related to one complainant were not supported by any physical evidence or injury, at some points the complainant’s testimony conflicted with the testimony of another witness, and *22 defense witnesses testified that the complainant had a reputation for being untruthful. Further, Appellant’s demeanor during his interrogation—which has been cited by the Government as bolstering the prosecution’s case—may easily be explained by Appellant’s initial desire to avoid admitting that he had permitted a female to come into his barracks room. Therefore, I conclude that the weight of the evidence supporting all of Appellant’s conviction was not overly compelling.[4]
CONCLUSION
Weighing the repeated and clearly erroneous improper arguments by trial counsel, the limited scope of the instructions provided by the military judge, and the less than compelling mature of the Government’s evidence regarding some of the. charges for which Appellant was convicted, I cannot be confident that the members convicted Appellant on the basis of the evidence alone. Therefore, I concur with respect to the indecent exposure findings of guilty, and I respectfully dissent with respect to the remaining findings of guilty and the sentence. Accordingly, I would authorize a rehearing on the appropriate charges and the sentence.

. In his brief, Appellant notes that during argument on findings trial counsel used the term "I" or “we” more than seventy-five times.

. At trial, defense counsel did not object to all of trial counsel’s improper arguments. In those instances, a plain error analysis applies. Appellant bears the burden of establishing the following three prongs: (1) there is error; (2) the error is plain or obvious; and (3) the error materially prejudices a substantial right. United States v. Bungert, 62 M.J. 346, 348 (C.A.A.F. 2006). In my view, all of the improper arguments cited above rise to the level of plain error and thus there is no need to distinguish between those instances where defense counsel made art objection and those instances where defense counsel did not do so. Moreover, I note that at oral argument Government counsel admirably and appropriately conceded plain error in regard to those statements in which trial counsel vouched for the Government’s witnesses.

. It is notable that the trial counsel in this case was quite senior—he was a lieutenant colonel (0-5)—and was designated as a special victims prosecutor. (Additionally, the record reflects that he previously served as a military judge.) Presumably, a person of that rank and in that position would have received significant training and courtroom experience before prosecuting a case such as this one. And yet, as demonstrated by the above listing of his improper arguments, trial counsel’s performance was quite troubling. It is to be hoped that junior officers in the Judge Advocate General's Corps who may have viewed trial counsel as a role model will not emulate his trial advocacy techniques in future cases. Indeed, this Court’s customary admonition bears repeating: "Prosecutorial misconduct occurs when trifil counsel oversteps the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense.” United States v. Hornback, 73 M.J. 155, 159-60 (C.A.A.F. 2014) (citation omitted) (internal quotation marks omitted).

. I view this case as being very different from our recent decision in United States v. Pabelona, 76 M.J. 9, 2017 WL 445168 (C.A.A.F. 2017). In that case, the evidence of the appellant's guilt was overwhelming.