# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––

**No. ACM S32402**

––––––––––––––––

**UNITED STATES**
*Appellee*

**v.**

**Dennis FERNANDEZ, Jr.**
Senior Airman (E-4), U.S. Air Force, *Appellant*

––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 8 November 2017

––––––––––––––––

*Military Judge:* Mark W. Milam.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, and reduction to E-1. Sentence adjudged 25 March 2016 by SpCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Major Allen S. Abrams, USAF; Major Melissa Biedermann, USAF.

*For Appellee:* Major Amanda L.K. Linares, USAF; Gerald R. Bruce, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Judge SPERANZA delivered the opinion of the court, in which Senior Judge HARDING and Judge HUYGEN joined.

––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

––––––––––––––––

SPERANZA, Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with Appellant's pleas pursuant to a pretrial agreement, of wrong-

fully using methamphetamine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, 30 days of confinement, and reduction to E-1. The convening authority approved the adjudged sentence.

On appeal, Appellant claims that (1) trial counsel's sentencing argument was improper and (2) an erroneous personal data sheet (PDS) denied him meaningful opportunity for clemency. We find no prejudicial error and affirm.

## I. BACKGROUND

When the San Antonio (Texas) Police Department responded to an incident involving Appellant, Appellant admitted to the responding officer that he was high on "crystal meth." A urinalysis conducted pursuant to a search authorization confirmed that Appellant ingested a potentially lethal dose of methamphetamine. Appellant later told investigators that he used one gram of methamphetamine after arguing with his wife and stating to her, "F[**]ck it, I'm going to do this whole gram of meth."

## II. DISCUSSION

### A. Improper Argument

At trial, Appellant stipulated to not only ingesting the one gram of methamphetamine at one time but also using—mostly snorting— methamphetamine multiple times while enlisted in the Air Force. In the stipulation of fact, Appellant described participating in physical training while "high," where and from whom he purchased methamphetamine, the amount he typically purchased, and how he funded his drug habit.

Trial counsel began his sentencing argument with the following:

> Your Honor, you might have heard the parade music playing outside when you came in today at BMT graduation. Each Airman walking across that parade field is beginning a new career of opportunities. And, like them, the accused had that opportunity. They understand that being an Airman is a privilege and not a right. They understand that being an Airman brings a responsibility to live according to higher standards. Every time we put on our uniform, every time we come on the base, every time we go out in public, we are Airmen and we accept that higher responsibility.

> Your Honor, the government is asking you to revoke that privilege from [Appellant] today by sentencing him to a bad conduct

> discharge, 90 days confinement, reduction in rank to E-1, and two-thirds forfeiture of pay for his time in confinement.
>
> Your Honor, the accused does not deserve the privilege of being a part of this Air Force anymore. The accused has admitted to a history of meth use; he has admitted to meeting some man named Rebel at the Whataburger for his normal buy of between lines and a gram of meth; to making large cash withdrawals from the ATM; selling his Air Jordan sneakers, his computer, and his musical keyboard all for money to buy meth. You understand, Your Honor, that meth is no joke.

Trial counsel next explained the nature and effects of methamphetamine, drawing a "facts not in evidence" objection from trial defense counsel that was overruled by the military judge. Trial defense counsel did not object to trial counsel's argument advocating a bad-conduct discharge.

Nonetheless, Appellant now claims "it was plain error for the assistant trial counsel to blur the lines between a punitive discharge and an administrative separation." Appellant further contends the error amounted to such obvious and severe prosecutorial misconduct as to overcome the legal presumption of military judges knowing the law. Appellant concludes that the adjudged bad-conduct discharge and the military judge's failure to take sua sponte remedial action "is evidence the military judge did not know the law and the presumption normally applied to military judges should not apply in this case." Consequently, Appellant asks us to set aside his punitive discharge.

A claim of improper argument involves a question of law we review de novo. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014). "The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Id.* (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). We assess Appellant's complaint and request for relief in accordance with the recent decision of the Court of Appeals for the Armed Forces (CAAF) in *United States v. Pabelona*, 76 M.J. 9 (C.A.A.F. 2017). *See United States v. Motsenbocker*, No. 201600285 (recon), 2017 CCA LEXIS 651 (N-M. Ct. Crim. App. 17 Oct. 2017) (unpub. op.); *cf. United States v. Kelly*, 76 M.J. 793 (A. Ct. Crim. App. 2017) (en banc), *pet. granted on other grounds*, 76 M.J. ___, 2017 CAAF LEXIS 1038 (C.A.A.F. 12 Oct. 2017) (order). "Because defense counsel failed to object to the arguments at the time of trial, we review for plain error." *Pabelona*, 76 M.J. at 11 (citing *United States v. Rodriguez*, 60 M.J. 87, 88 (C.A.A.F. 2004)).

Appellant bears the burden of establishing plain error. *Id.* Accordingly, Appellant must demonstrate that "(1) an error was committed; (2) the error

was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008).

"Prosecutorial misconduct is 'action or inaction by a prosecutor in violation of some legal norm or standard, e.g., a constitutional provision, a statute, a Manual rule, or an applicable professional ethics canon.'" *Pabelona*, 76 M.J. at 11 (quoting *United States v. Meek*, 44 M.J. 1, 5 (C.A.A.F. 1996)). Trial counsel commits prosecutorial misconduct by "overstep[ping] the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense." *Berger v. United States*, 295 U.S. 78, 84 (1935). Even if trial counsel oversteps these bounds, relief is only merited if the misconduct "actually impacted on a substantial right of an accused (i.e., resulted in prejudice)." *United States v. Fletcher*, 62 M.J. 175, 178 (C.A.A.F. 2005). "Where improper argument occurs during the sentencing portion of the trial, we determine whether or not we can be confident that [the appellant] was sentenced on the basis of the evidence alone." *Frey*, 73 M.J. at 248 (alteration in original) (internal quotation marks omitted) (citation omitted).

We need not determine whether trial counsel's sentencing argument amounted to prosecutorial misconduct in this guilty plea, military judge alone case. We are convinced that the military judge, who we presume knew the law and the difference between an administrative and a punitive discharge, did not improperly consider trial counsel's argument for a punitive discharge to arrive at, what is in our view, an appropriate sentence in this case. We are also convinced the military judge sentenced Appellant on the basis of the evidence alone, which included Appellant's use of a potentially lethal dose of methamphetamine among his other admitted uses of methamphetamine. Any potential prosecutorial misconduct that could be found in trial counsel's sentencing argument did not prejudice Appellant's substantial rights.

## B. Erroneous Personal Data Sheet

Within ten minutes of adjournment, Appellant certified that, after considering the advice of his trial defense counsel, he was waiving his right to submit clemency matters and would not submit such matters for the convening authority's consideration. Appellant received the staff judge advocate's recommendation (SJAR) and the record of trial less than two months later. The SJAR included an erroneous PDS that failed to list Appellant's overseas service at Andersen Air Force Base, Guam, and his combat service (deployment) in Saudi Arabia and one device on the Air Force Achievement Medal. Appellant did not object to the SJAR or attached PDS or in any way seek to correct the error. Instead, Appellant's trial defense counsel confirmed Appellant's earlier election to waive his right to submit clemency matters and certified

counsel's belief that the Government fully complied with the pretrial agreement. Nonetheless, Appellant now claims the erroneous PDS denied him meaningful opportunity for clemency and demands new post-trial processing.

The proper completion of post-trial processing is a question of law we review de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). "If defense counsel does not make a timely comment on an omission [or error] in the [SJAR], the error is waived[1] unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing Rule for Courts-Martial 1106(f); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Under a plain error analysis, Appellant must persuade this court that "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65).

To meet the third prong of the plain error test in the context of a post-trial recommendation error, whether that error is preserved or is otherwise considered under the plain error doctrine, Appellant must make "some colorable showing of possible prejudice." *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Id.* at 437. While the threshold is low, there must be some colorable showing of possible prejudice. *Id.*

While the PDS attached to the SJAR was plainly erroneous due to the omission of Appellant's overseas and combat service, we find that Appellant failed to make some colorable showing of possible prejudice. Appellant waived his right to submit clemency matters and did not comment on the SJAR. Accordingly, Appellant did not submit any matters for the convening authority's consideration or request any relief from the convening authority. Furthermore, Appellant benefited from a pretrial agreement that limited any approved confinement to no more than 60 days, disapproved any adjudged forfeitures, and waived mandatory forfeitures. Appellant also received an adjudged period of confinement half of that bargained for in the agreement. Appellant's conclusory statements that "the [PDS] error prejudiced Appellant's substantial rights" and "[t]he low threshold of material prejudice has been

---

[1] Because we consider the issue using a plain error analysis, the failure to make a timely comment on an omission or error in the SJAR actually constitutes forfeiture, rather than waiver.

met" because "some of Appellant's most admirable aspects of his service were left off of the [PDS]" fail to show how he was denied meaningful opportunity for clemency or otherwise prejudiced. Appellant offers no explanation how the omission of what he simply deems "pertinent information" prejudiced him. Appellant does not now, understandably, make the incredible claim that he would have submitted matters and requested relief but for the erroneous PDS. Appellant instead implicitly argues that the missing information would have compelled the convening authority, in the absence of any matters submitted by Appellant detailing the admirable aspects of his service and a corresponding request for relief, to sua sponte grant Appellant sentencing relief above and beyond the terms of the pretrial agreement. While the threshold is indeed low, Appellant is required to at least explain how these alleged errors potentially affected his opportunity for clemency. *See Scalo*, 60 M.J. at 437. Appellant failed to meet this threshold showing and we discern no material prejudice of Appellant's substantial rights given the record in this case.

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.[2]

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court

---

[2] Appellant could not forfeit allowances as the result of a sentence at a special court-martial. Moreover, Appellant had already served his term of confinement before action. The action and corresponding court-martial order (CMO) erroneously reference "allowances" and designate the Air Force Corrections System as Appellant's confinement location. We order a corrected CMO and action to remedy these errors.