# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38706 (reh)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Nathan G. WILSON-CROW**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 7 May 2019

———————————

*Military Judge:* Donald R. Eller, Jr. (trial); Vance H. Spath (sentence rehearing).

*Approved sentence:* Bad-conduct discharge, confinement for 14 months, and reduction to E-1. Sentence adjudged 15 May 2018 by GCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Major Mark C. Bruegger, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, JOHNSON, and MINK, *Appellate Military Judges*.

Senior Judge JOHNSON delivered the opinion of the court, in which Chief Judge MAYBERRY and Judge MINK joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

JOHNSON, Senior Judge:

This case is before us for the third time.

At Appellant's original trial, a general court-martial composed of a panel of officers convicted Appellant, pursuant to mixed pleas, of one specification of abusive sexual contact, two specifications of sexual abuse of a child, one specification of indecent exposure, one specification of assault consummated by a battery, and two specifications of wrongfully providing alcohol to a minor, in violation of Articles 120, 120b, 120c, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 920b, 920c, 928, 934.[1] The court-martial sentenced Appellant to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Upon our initial review, we affirmed the findings and sentence. *United States v. Wilson-Crow*, No. ACM 38706, 2016 CCA LEXIS 107 (A.F. Ct. Crim. App. 25 Feb. 2016) (unpub. op.). The United States Court of Appeals for the Armed Forces (CAAF) granted review, set aside our prior decision, and remanded the case to us for a new review under Article 66, UCMJ, 10 U.S.C. § 866. *United States v. Wilson-Crow*, 76 M.J. 334 (C.A.A.F. 2017). On remand, we set aside the findings of guilt as to Specification 1 of Additional Charge I—the specification of abusive sexual contact—as well as the sentence in light of the CAAF's decisions in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017). We affirmed the remaining findings, authorized a rehearing, and returned the record of trial to The Judge Advocate General for remand to the convening authority for further action consistent with our opinion. *United States v. Wilson-Crow*, No. ACM 38706 (rem), 2017 CCA LEXIS 716 (A.F. Ct. Crim. App. 16 Nov. 2017) (unpub. op.).

The convening authority dismissed Specification 1 of Additional Charge I and directed a rehearing for sentencing on the remaining findings of guilty. On 15 May 2018, a general court-martial composed of a military judge alone sentenced Appellant to a bad-conduct discharge, confinement for 14 months, reduction to the grade of E-1, and forfeiture of all pay and allowances. The convening authority disapproved the adjudged forfeiture and approved the remainder of the sentence.

---

[1] In accepting Appellant's pleas of guilty to both specifications of wrongfully providing alcohol to a minor in violation of Article 134, UCMJ, the military judge excepted charged language alleging the acts were prejudicial to good order and discipline, of which excepted language Appellant was found not guilty. In addition, Appellant was acquitted of two specifications of rape and two specifications of abusive sexual contact in violation of Article 120, UCMJ.

Appellant now raises a single issue for our review: whether trial counsel made an improper sentencing argument at the sentencing rehearing.[2] We find no prejudicial error and we affirm.

## I. BACKGROUND

In April 2013, Appellant—an Air Force photographer—volunteered to serve as an official photographer for a three-day high school Junior Reserve Officer Training Corps (JROTC) leadership and teambuilding camp in central Texas. Unbeknownst to the other adult supervisors present at the camp, Appellant participated in a series of games of "truth or dare" with the students. After one such session, Appellant slapped the buttocks of a 16-year-old female student without her consent. The final game of truth or dare involving Appellant escalated to more overtly sexual behavior, including *inter alia* Appellant exchanging outer garments with a female student, BD; Appellant sucking the exposed nipple of a female 18-year-old student, LR; and Appellant briefly exposing his penis. These acts occurred in the presence of a group of the students, at least one of whom was under 16 years of age. Unrelated to the JROTC camp, in separate incidents in June and July 2013 Appellant provided alcohol to a 19-year-old civilian.

## II. DISCUSSION

### A. Law

Improper argument is a question of law that we review de novo. *United States v. Pabelona*, 76 M.J. 9, 11 (C.A.A.F. 2017) (quoting *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014)). The test for improper argument is whether the argument was erroneous and whether the argument materially prejudiced the appellant's substantial rights. *Id.* (quoting *Frey*, 73 M.J. at 248). When there is no objection at trial, we review the propriety of trial counsel's argument for plain error. *United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013) (citation omitted). To prevail under a plain error analysis, the appellant must show "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (citations omitted).

"[T]rial counsel may 'argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence.'" *Halpin*, 71 M.J. at 479 (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). "[I]n the context of an allegedly improper sentencing argument, we consider whether 'trial counsel's

---

[2] Appellant personally raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

comments, taken as a whole, were so damaging that we cannot be confident' that [the appellant] was sentenced 'on the basis of the evidence alone.'" *Id.* at 480 (quoting *Erickson*, 65 M.J. at 224) (internal quotes omitted).

**B. Analysis**

Appellant contends the trial counsel made an improper sentencing argument when he included the names of three particular JROTC students in a list of "victims" of Appellant's offenses. Specifically, Appellant argues that it was plain error to refer to LR, the 18-year-old student whose nipple Appellant sucked, as a victim because she appeared to be one of the organizers of the truth or dare game and was a willing co-actor. Appellant also contends that BD, the student with whom Appellant switched clothes, and LH, the student who dared Appellant to expose his penis, could not properly be considered victims because neither of them testified and there was no direct evidence that either of them observed Appellant's indecent exposure or any other charged misconduct or was adversely affected by it. Although trial defense counsel did not object to the argument, Appellant contends the reference to LR, BD, and LH as "victims" was plain error.

We find no plain error. Trial counsel may argue reasonable inferences fairly derived from the evidence. *Halpin*, 71 M.J. at 479 (citation omitted). Testimony indicated that LR, BD, and LH were all present when Appellant indecently exposed himself to the group of students. At least some of the students actually observed Appellant's penis; others may not have, either by choice or as a result of their positioning or circumstances. However, it is a fair inference that all of the students present were aware that Appellant had indecently exposed himself to the group. Considering all the circumstances, we find it was not improper for trial counsel to refer to those JROTC students who were present when Appellant indecently exposed himself as "victims."

Assuming *arguendo* that trial counsel's argument was "plain" or "obvious" error, we find Appellant's substantial rights were not materially prejudiced. *See Erickson*, 65 M.J. at 223. Appellant was sentenced by a military judge, who is "presumed to know the law and to follow it absent clear evidence to the contrary." *Id.* at 225 (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We find no such evidence to the contrary here. Accordingly, we are confident Appellant was sentenced "on the basis of the evidence alone." *Halpin*, 71 M.J. at 480 (quoting *Erickson*, 65 M.J. at 224).

### III. CONCLUSION

The approved findings were previously affirmed. The approved sentence is correct in law and fact, and no error materially prejudicial to the substantial

rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the sentence is **AFFIRMED**.[3]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[3] We note two errors in the court-martial order with respect to the pleas and findings. First, the order incorrectly indicates Appellant pleaded "not guilty" rather than "guilty" to Specification 2 of Charge I. Second, the order incorrectly indicates Additional Charge I was "[w]ithdrawn and dismissed" when only Specification 1 thereunder was withdrawn and dismissed; Appellant was tried on Specifications 2 through 5 of Additional Charge I and found "not guilty," and those findings should be reflected in the order with respect to Additional Charge I. We direct the publication of a corrected court-martial order to remedy these errors.