# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32652

————————————

### UNITED STATES
*Appellee*

**v.**

### William R. DODD
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 September 2021

————————————

*Military Judge:* Christopher M. Schumann.

*Sentence:* Sentence adjudged on 17 April 2020 by SpCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 20 May 2020: Bad-conduct discharge, confinement for 106 days, and a reprimand.

*For Appellant:* Major Amanda E. Dermady, USAF; Lauren M. Shepard (legal intern).[1]

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and GOODWIN, *Appellate Military Judges*.

Judge GOODWIN delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

[1] Ms. Shepard was supervised by an attorney admitted to practice before this court.

_____

GOODWIN, Judge:

A special court-martial composed of a military judge alone found Appellant guilty, in accordance with his plea and pursuant to a plea agreement, of one charge and specification of wrongful use of cocaine on divers occasions in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 106 days, and a reprimand. The convening authority took no action on the findings or sentence, but provided language for the adjudged reprimand. The military judge signed an entry of judgment (EoJ) reflecting the adjudged findings and sentence, including the reprimand language.

Appellant raises three issues for our review on appeal: (1) whether the military judge abused his discretion by allowing trial counsel to characterize JG as a victim during the Government's sentencing argument; (2) whether the military judge improperly allowed trial counsel to admit Appellant's responses to nonjudicial punishment (NJP) contrary to Department of the Air Force Instruction (AFI) 51-202, *Nonjudicial Punishment* (6 Mar. 2019); and (3) whether the EoJ should be corrected to reflect that Specification 2 of the Charge was withdrawn and dismissed *with prejudice* in accordance with Appellant's plea agreement.[3]

Finding no error materially prejudicial to Appellant's substantial rights, and following this court's Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1), mandate to approve only so much of the sentence as we find, on the basis of the entire record, should be approved, we affirm the findings and sentence. We do, however, agree with Appellant's third assignment of error and direct the Chief Trial Judge, Air Force Trial Judiciary, to detail a military judge to correct the error prior to completion of the final order.

## I. BACKGROUND

In May 2018, Appellant arrived at Nellis Air Force Base (AFB), Nevada, his first duty station, where he served as a heating, ventilation, and air conditioning (HVAC) apprentice. Appellant used cocaine on divers occasions between on or about 30 October 2019 and on or about 9 January 2020. Between

_____

[2] All references to the UCMJ, Rules for Courts-Martial, and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Specification 2 of the Charge alleged wrongful use of hydrocodone in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, and was withdrawn and dismissed with prejudice after Appellant's plea of guilty to Specification 1 of the Charge was accepted.

these dates, Appellant tested positive on urinalyses four times for cocaine and once for hydrocodone.

On 6 December 2019, JG, a dormitory suitemate of Appellant, returned from the dining facility and found food and blood on the floor. JG followed a blood trail to Appellant's room and found Appellant lying on the floor with blood on his face, head, and arm. After checking Appellant's pulse, breathing, and consciousness, JG called 911. Security Forces personnel arrived, followed by medical responders, who took Appellant to the emergency room. During a medical evaluation, providers determined that Appellant had alcohol and cocaine in his system.

After Appellant's release from the emergency room, he entered inpatient mental health treatment until 9 January 2020. When he was released from inpatient mental health treatment, Appellant's commander restricted him to base. Later that same day, Appellant reported to the emergency room for suicidal ideations and reentered inpatient mental health treatment until 30 January 2020. When released the second time from inpatient treatment, Appellant was ordered into pretrial confinement. After conducting a hearing on 7 February 2020, the pretrial confinement review officer ordered Appellant released on 8 February 2020. After his release, Appellant's commander again ordered him restricted to base. Appellant again reported suicidal ideations on 26 February 2020. From 27 February to 12 March 2020, Appellant was again admitted to inpatient mental health treatment. From 12 March 2020 to the date of his court-martial, Appellant was again in pretrial confinement.

On 12 March 2020, Appellant was interviewed by Air Force Office of Special Investigations agents. After waiving his rights, he admitted that he used cocaine, described how he used the cocaine, and described how he had previously procured cocaine. Appellant was charged with two specifications of wrongful use of drugs in violation of Article 112a, UCMJ. Appellant pleaded guilty to one specification of using cocaine. In accordance with Appellant's plea agreement, the Government withdrew and dismissed with prejudice the second specification.

## II. DISCUSSION

### A. Trial Counsel's Reference to JG as a "Victim" during Closing Argument

In his first assignment of error, Appellant claims the military judge abused his discretion by allowing trial counsel to characterize JG as a victim during the Government's sentencing argument.

3

### 1. Additional Background

As discussed above, after following a trail of blood from the shared dormitory space, JG found Appellant on the floor of his dormitory room with blood on his face, head, and arm. JG called 911. In his written unworn statement, Appellant thanked JG for those actions, stating he "saved [Appellant's] life." During sentencing argument, trial counsel referred to JG as an "unwitting victim." Trial defense counsel objected to the characterization of JG as a victim. The military judge responded, "I'll overrule the objection to the extent that I'll understand the argument. I'll put it in proper characterization." Later, trial counsel argued that Appellant's actions had impacted "an innocent bystander," and stated, "[t]his memory may be with [JG] for the rest of his life."

### 2. Law

Prosecutorial misconduct and improper argument are reviewed under a de novo standard. *United States v. Voorhees*, 79 M.J. 5, 9 (C.A.A.F. 2019) (citation omitted). Where there is no objection, this court reviews for plain error. *Id.* Where, as here, opposing counsel objected, an allegation of improper argument is reviewed to determine whether the military judge's ruling constitutes an abuse of discretion. *United States v. Sewell*, 76 M.J. 14, 18 (C.A.A.F. 2017) (citation omitted).

"Trial prosecutorial misconduct is behavior by the prosecuting attorney that 'oversteps the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense.'" *United States v. Fletcher*, 62 M.J. 175, 178 (C.A.A.F. 2005) (quoting *Berger v. United States*, 295 U.S. 78, 84 (1935)). "Prosecutorial misconduct can be generally defined as action or inaction by a prosecutor in violation of some legal norm or standard, e.g., a constitutional provision, a statute, a Manual rule, or an applicable professional ethics canon." *United States v. Meek*, 44 M.J. 1, 5 (C.A.A.F. 1996) (citing *Berger*, 295 U.S. at 88) (additional citation omitted).

Relief will be granted only if the trial counsel's misconduct "actually impacted on a substantial right of an accused (i.e. resulted in prejudice.)." *Fletcher*, 62 M.J. at 178 (citation omitted). In cases of improper argument, the military judge is presumed "to distinguish between proper and improper sentencing arguments." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007). Where improper argument occurs during sentencing, this court must determine whether it can be confident that the appellant "was sentenced on the basis of the evidence alone." *United States v. Pabelona*, 76 M.J. 9, 12 (C.A.A.F. 2017) (citation omitted). This determination is based on "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the [sentence]." *United States v. Frey*, 73 M.J. 245, 249 (C.A.A.F. 2014) (citation omitted).

### 3. Analysis

Appellant characterizes trial counsel's reference to JG as a "victim" as "prosecutorial misconduct." Here, the offense for which Appellant was being sentenced was a drug offense, not a crime against a named victim. While the Government concedes that JG was not a "crime victim" under the UCMJ, the Government argues this was proper argument based on the facts and circumstances of the case and was a reasonable inference based on a colloquial understanding of the word "victim," rather than the "legal term of art."

We need not address whether or not trial counsel's argument was improper. Although trial defense counsel's objection was overruled, the military judge demonstrated he was not committed to trial counsel's legal understanding of the evidence. We are confident the military judge put "victim" in the appropriate context and that Appellant was sentenced on the basis of the evidence alone and not trial counsel's interpretation of "victim" under the rules applicable to sentencing.

### B. Admission of Appellant's Nonjudicial Punishment Responses

In his second assignment of error, Appellant claims the military judge improperly allowed trial counsel to admit Appellant's responses to two separate nonjudicial punishment actions contrary to AFI 51-202.

### 1. Law

Ordinarily, we review the military judge's admission of evidence for an abuse of discretion. *United States v. Barker*, 77 M.J. 377, 383 (C.A.A.F. 2018) (citation omitted). However, claims of error with respect to the admission of evidence are preserved only if a party timely objects to the evidence and states the specific ground for the objection. Mil. R. Evid. 103(a)(1). When an appellant fails to make a timely objection to the admission of evidence at trial, that error is forfeited in the absence of plain error. *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014) (*citing United States v. Brooks*, 64 M.J. 325, 328 (C.A.A.F. 2007)) (additional citations omitted). In contrast, under the ordinary rules of waiver, when an appellant affirmatively states he has no objection to the admission of evidence, the issue is waived and his right to complain about its admission on appeal is waived. *United States v. Ahern*, 76 M.J. 194, 198 (C.A.A.F. 2017) (*citing United States v. Campos*, 67 M.J. 330, 332–33 (C.A.A.F. 2009)) (additional citation omitted).

Pursuant to Article 66(d), UCMJ, the Courts of Criminal Appeals have the unique statutory responsibility to affirm only such findings of guilty and so much of the sentence that is correct and "should be approved." 10 U.S.C. § 866(d). Thus, we retain the authority to address errors raised for the first time on appeal despite waiver of those errors at trial. *See, e.g., United States v. Hardy*, 77 M.J. 438, 442–43 (C.A.A.F. 2018).

**2. Analysis**

Appellant waived any error with respect to the admission of his responses to the NJP actions identified in the "Record of Nonjudicial Punishment Proceedings" admitted as Prosecution Exhibits 4 and 5. Appellant was aware of this evidence in advance of trial, as both were provided to the Defense in discovery, and Appellant is the drafter of his NJP responses. When offered into evidence during sentencing, trial defense counsel unequivocally stated he had no objection to Prosecution Exhibits 4 and 5.

Furthermore, not only did trial defense counsel acquiesce to the admission of Appellant's NJP responses, he cited one of the NJP responses during his sentencing argument to illustrate Appellant's rehabilitative potential. Although Appellant argues on appeal that trial defense counsel did not quote the response, trial defense counsel clearly incorporated it and specifically asked the military judge to read the entire response:

> Trial counsel mentioned the NJP response, which tends to indicate that he's not taking responsibility for his actions. Your Honor, I'm very familiar with that NJP response. I ask[ ] that you read the entire thing and take the full thing into context. Not just look at the bits and pieces the trial counsel singled out. He cites his stressors at that time. That's what he's doing. He's not placing blame, he's citing his stressors. The fact that he acknowledges what his stressors are, shows he starting to have that introspective [sic]. He's starting to look and see, okay, why am I where I'm at, and how do I get out of here?

We have considered whether we should grant relief under our Article 66(d), UCMJ, authority in spite of these waivers and decline to do so. We perceive no unfair prejudice to Appellant that would warrant piercing his affirmative waiver.

**C. Entry of Judgment Error**

In his third assignment of error, Appellant claims the EoJ should be corrected to reflect that Specification 2 of the Charge was withdrawn and dismissed with prejudice in accordance with Appellant's plea agreement. Although the Government believes Appellant has forfeited this issue, it agrees that Specification 2 was dismissed with prejudice and does not oppose correction of the EoJ.

We agree that the EoJ requires correction as it fails to indicate that Specification 2 of the Charge was withdrawn and dismissed *with prejudice*. The Chief Trial Judge, Air Force Trial Judiciary, is directed to detail a military judge to correct the EoJ accordingly and prior to completion of the final order

under Rule for Courts-Martial 1209(b) and AFI 51-201, *Administration of Military Justice*, Section 14J (18 Jan. 2019).

## III. CONCLUSION

The findings and sentence entered are correct in law and fact, and with the aforementioned correction of the entry of judgment, no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59 and 66(d), UCMJ, 10 U.S.C. §§ 859, 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court