**UNITED STATES, Appellee,**

v.

**Sergeant Errol P.J. LEE, 068–48–4868, United States Army, Appellant.**

**ACMR 8801122.**

U.S. Army Court of
Military Review.

29 Aug. 1989.

For Appellant: Colonel John T. Edwards, JAGC., Lieutenant Colonel Russell S. Estey, JAGC., Captain Thomas A. Sieg, JAGC., Captain Jeffrey J. Fleming, JAGC. (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC., Lieutenant Colonel Gary F. Roberson, JAGC., Major Gary L. Hausken, JAGC. (on brief).

Before DeFORD, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

WERNER, Judge:

On mixed pleas, the appellant was convicted by a military judge sitting as a gen-

eral court-martial of attempted rape, sodomy with a child under the age of sixteen years, and two specifications of indecent acts with a child under the age of sixteen years, violations of Articles 80, 125 and 134 of the Uniform Code of Military Justice 10 U.S.C. §§ 880, 925, and 934 (1982) [hereinafter UCMJ]. His approved sentence includes a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

On initial appeal to this court, the case was submitted on its merits without assignment of error. After reviewing the record of trial and considering the matters personally asserted by the appellant, we affirmed. *United States v. Lee,* ACMR 8801122 (A.C. M.R. 6 January 1989) (unpub.). The appellant subsequently petitioned the United States Court of Military Appeals for grant of review asserting that his pleas of guilty to the specification alleging attempted rape (the specification of Charge I) and to one of the specifications alleging indecent acts with a child under the age of sixteen (Specification 1 of Charge III) were improvident because the military judge failed to establish that the offenses occurred within the applicable statute of limitations. The United States Court of Military Appeals set aside this court's decision and remanded the case for a determination whether appellant's pleas of guilty to those offenses are supported by a factual basis. *United States v. Lee,* 28 M.J. 445 (C.M.A.1989) (summary disposition). On remand, we affirm modified findings of guilty to the offense of indecent acts with a child with respect to the Specification of Charge I; we set aside and dismiss the appellant's

conviction for attempted rape with respect to Specification 1 of Charge III.

The offenses of attempted rape (Charge I and its specification) and indecent acts with a child under the age of sixteen (Specification 1 of Charge III) were allegedly committed upon the appellant's step-daughter, a child under the age of sixteen, "on divers occasions ... during the period between on or about 21 October 1984 and on or about 31 August 1986." The charges were received by the summary court-martial convening authority on 20 October 1987. The appellant entered pleas of guilty to the offense of indecent acts with another by excepting the words "with intent to arouse or gratify the lust and sexual desires of said [appellant]"[1] and to the offense of attempted rape.

◾ The military judge found the appellant's pleas provident without advising the appellant of the applicable statute of limitations or insuring that the appellant was aware of this statutory bar to prosecution. Following the military judge's finding that the pleas were provident, the Government presented evidence on the merits of both of the specifications at issue.

Because the appellant's misconduct was alleged to have occurred prior to 14 November 1986, a two year statute of limitations was applicable. Article 43(c), UCMJ, 10 U.S.C. § 843(c) (1982).[2] *See United States v. Jones,* 26 M.J. 1009 (A.C.M.R. 1988). Therefore, lacking evidence of record that the appellant was aware of his right to assert the statute, the appellant's pleas are not alone sufficient to find a waiver of the statutory bar to prosecution for acts committed prior to 19 October 1985.[3] *United States v. Tunnell,* 23 M.J.

---

1. Had the military judge entered findings in accordance with the appellant's pleas, the maximum punishment to confinement for each offense would have been reduced from seven years to five years. *Compare* Manual for Courts–Martial, United States, 1984, [hereinafter MCM], Part IV, paragraph 87, *with* MCM, Part IV, paragraph 90.

2. This statute was amended in 1986 to provide for a five year statute of limitations. Article 43(b), UCMJ, 10 U.S.C. § 843(b) (Supp. IV 1986).

3. In a brief filed before the Court of Military Appeals, the appellant asserted that the absence of a "knowing and affirmative waiver" of the statute rendered his pleas improvident. The matter is not, however, one requiring an affirmative waiver. *Tunnel* requires only that the appellant enter his plea cognizant of the right to assert the statute of limitations in bar of prosecution. *United States v. Tunnel,* 23 M.J. at 111.

110 (C.M.A.1986). Accordingly, the military judge's finding that the appellant's pleas to these offenses *as alleged* were provident is erroneous.

■ Such an infirmity does not, however, affect the provident portions of guilty pleas encompassing acts of misconduct committed *within* the statutory limit. *See United States v. Prater*, 28 M.J. 818, 821 (A.C.M.R.1989). A review of the appellant's providence inquiry reveals no basis for finding the commission of an act constituting these offenses within the statutory period. Therefore, the findings of guilty to these specifications cannot be affirmed on the basis of the appellant's pleas. However, the findings of the military judge were not premised upon the appellant's pleas alone but upon evidence presented by the Government on the merits of the case.

The evidence presented on Specification 1 of Charge III clearly establishes the commission of indecent acts with a child under the age of sixteen within the statutory period. The Government's case consisted in part of the appellant's confession which recites in part:

I moved to [Fort Riley] on or about Feb of 1984.

.    .    .    .    .

Since that time, until the present, the incidents have become less frequent, as last year around the summer time I had reported my activity to the church pastor, and sought counseling for it.

.    .    .    .    .

I have tried to stop myself, but I just can't.

Accordingly, this Court may affirm so much of the specification alleging indecent acts with a child under the age of sixteen as may be permissibly prosecuted within the two-year statute of limitations.

■ With respect to the offense of attempted rape, the Government presented evidence on the merits which failed circumstantially or directly to establish the commission of an act of attempted rape within the statutory period. Accordingly, this court must set aside the findings of guilty to this offense. Moreover, having presented evidence on the merits on this charge, the Government is barred from further prosecution by the constitutional prohibition against double jeopardy. Accordingly, this charge must be dismissed.

■ We find that the providence of appellant's remaining pleas is not vitiated by the dismissal of the attempted rape charge. *See United States v. Hunt*, 10 M.J. 222 (C.M.A.1981). Had the appellant been convicted in accordance with his pleas, the appellant was subject to a maximum sentence which included thirty year's confinement. However, the appellant entered his pleas without a plea agreement and with knowledge that the Government intended to prove the sodomy offense and the offenses of indecent acts with a child under the age of sixteen as alleged. Thus, the appellant suffered from no misconception as to the maximum possible sentence to confinement which might have been adjudged. He was at all times exposed to a maximum sentence of fifty-four years.

We have considered the matters personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them without merit.

The finding of guilty of Charge I and its specification is set aside and dismissed. Only so much of the finding of guilty of Specification 1 of Charge III is affirmed as finds that the appellant did, on divers occasions, at Fort Riley, Kansas, an installation under military control, between on or about 19 October 1985 and 31 August 1986, commit indecent acts upon and with the body of a female not his wife and under sixteen (16) years of age by hugging and kissing said child in a sexual manner, by placing his finger in her vagina, and by fondling and touching her buttocks, breasts, and vagina both over and under her clothing, with intent to arouse or gratify the lust and sexual desires of said appellant. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, only so much of the sentence as provides for a dishonorable discharge, confinement for four years, forfei-

ture of all pay and allowances, and reduction to the grade of Private E1 is affirmed.

Senior Judge DeFORD and Judge FOREMAN concur.