907 F.2d 83
 Larry Gene RACE, Appellant,
v.
Orville PUNG, Commissioner, Department of Corrections, St.
Paul, Minnesota; Robert Erickson, Warden, Stillwater
Correctional Facility, Stillwater, Minnesota; and the State
of Minnesota, et al., Appellees.
 No. 89-5423.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 14, 1990.
Decided July 5, 1990.
Rehearing and Rehearing En Banc
Denied Aug. 22, 1990.
 
 Richard P. Clem, Minneapolis, Minn., for appellant.
 John E. DeSanto, Duluth, Minn., for appellees.
 Before LAY, Chief Judge, and HEANEY and TIMBERS*, Senior Circuit Judges.
 LAY, Chief Judge.
 
 
 1
 Larry Race was convicted in Minnesota state court of first degree murder in the 1982 death of his wife. Race appeals to this court from the district court's[1] denial of his petition for writ of habeas corpus, alleging as grounds for reversal insufficient evidence, prejudicial errors, newly discovered evidence, and ineffective assistance of counsel. We affirm.
 
 
 2
 The facts of this case are fully summarized by the Minnesota Supreme Court in its thorough opinion affirming Race's conviction for first degree murder. See State v. Race, 383 N.W.2d 656 (Minn.1986). Briefly, Larry Race took his wife on a cruise on Lake Superior to celebrate the couple's fourteenth wedding anniversary. According to Race's statement given to authorities, once on the lake, when the boat allegedly began taking on water and the engine would not start, Deborah Race entered a life raft. Larry Race put on a diving dry suit and told Deborah he would push her to shore. He had used the same maneuver the year before to save his children when the boat began to take on water, eventually sinking. Race gave inconsistent statements as to the overall incident. When the authorities arrived they found one life raft on the boat that appeared to have been cut with a knife. The authorities were able to start the boat without difficulty.
 
 
 3
 The State's theory was that once Deborah Race was in the raft, Larry Race swam underneath the raft, cut the bottom with a knife, and waited a sufficient time for his wife to die before summoning help. Race claims there were two rafts on the boat. He attempted to inflate the first raft, and when it would not hold air, inflated the second raft which Deborah Race entered. He lost contact with Deborah when he became chilled in the water and returned to the boat. Deborah Race's body was recovered the next day on the lakeshore.[2]
 
 
 4
 Central to Race's defense at the trial, and to his claim of insufficient evidence on this appeal, was the existence of a second life raft on the boat. A life raft with several cuts in the bottom was recovered from the boat by the police. The alleged second raft was never found. The Minnesota Supreme Court concluded that the evidence, though circumstantial, was sufficient to support Race's conviction. See Race, 383 N.W.2d at 662 ("The crucial issue was the existence or nonexistence of a second life raft on the boat on May 11. On conflicting evidence, the jury, whose task it was, concluded there was only one life raft on board.").
 
 
 5
 Race argues a defense theory of two rafts based on the location of the boat and the ultimate location of Deborah Race's body. The Minnesota Supreme Court rejected this argument as entirely speculative. Justice Kelley stated:
 
 
 6
 However, [Race's] criticism [of the state's theory of the case] rests on the assumption that time factors associated with the events of the evening were accurately determined. In fact, they were not. For example, no evidence at trial with any specificity indicated clearly the point on the lake and the time Deborah entered the life raft, nor was there any specificity with respect to the time and place she was left alone in the raft.
 
 
 7
 Race, 383 N.W.2d at 662. Race's claim of insufficiency of the evidence has been thoroughly considered by the Minnesota Supreme Court. See Race, 383 N.W.2d 656. We cannot add anything further to this thorough review of the evidence, and we believe that the evidence, though circumstantial, was sufficient to allow a reasonable jury to convict Race of first degree murder.
 
 
 8
 Race's other challenges to his conviction, ineffective assistance of counsel, newly discovered evidence, prejudicial error in the prosecutor's closing argument, and the jury's improper consideration of Race's failure to testify, do not merit relief in this case. The newly discovered evidence claim has been considered by the Minnesota state courts, and resolved against Race. See Race v. State, 417 N.W.2d 264 (Minn.1987). We agree with the district court that the Minnesota trial court, after assessing the value of Race's newly discovered evidence claim, did not abuse its discretion in denying the motion for a new trial based on that evidence. We agree further with the Magistrate's conclusion, adopted by the district court in this case, that Race's ineffective assistance claim amounts to no more than second-guessing of his counsel's tactical choices. This type of challenge does not meet the high standard of ineffective counsel required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 9
 When Race raised his claim that the jury improperly considered his decision not to testify, the state trial court held a hearing at which 11 of the 12 jurors testified that comments about Race's failure to testify were made during deliberations, but that the foreman or others admonished the speaker that issue could not be considered. The trial court concluded there were no grounds to believe that Race's failure to testify affected the jury's deliberations. The magistrate's report noted that Race has not pointed to anything more than disagreement with the trial court's conclusion. We agree with this assessment, and find no grounds on which to overrule the state court's decision.
 
 
 10
 Likewise, we do not find any grounds for reversing the state court's assessment of this case on the basis of Race's claim of prejudicial prosecutorial argument. Race challenges the prosecutor's references to his expert witness, claiming the prosecutor injected racial bias into the trial by referring to the witness's ethnic heritage. We do not believe that these isolated comments, when considered in light of the prosecutor's complete closing argument, were sufficiently prejudicial to amount to any type of constitutional error warranting reversal.
 
 
 11
 We affirm the judgment of the district court denying Larry Race's 28 U.S.C. Sec. 2254 petition for habeas relief.
 
 
 
 *
 The HONORABLE WILLIAM H. TIMBERS, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota
 
 
 [2]
 Deborah Race died of immersion hypothermia. The temperature of Lake Superior at that time of year was estimated at 35-37 degrees