UNITED STATES, Appellee

v.

Esteven E. RODRIGUEZ, Private
United States Marine Corps, Appellant

No. 04-5003

Crim. App. No. 200200740

United States Court of Appeals for the Armed Forces

Argued April 27, 2004

Decided June 30, 2004

BAKER, J., delivered the opinion of the Court in which
CRAWFORD, C.J., GIERKE, EFFRON, AND ERDMANN, JJ., joined.


Counsel


For Appellant:  Lieutenant Colin A. Kisor, JAGC, USNR
(argued).


For Appellee:  Captain Wilbur Lee, USMC (argued); Colonel
Michael E. Finnie, USMC (on brief).



Military Judges: S. A. Folsom and R. C. Harris



**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION**.

Judge BAKER delivered the opinion of the Court.

Appellant was tried by a military judge sitting as a general court-martial. He was convicted in accordance with his pleas of conspiracy to commit larceny, false official statements, wrongfully selling and disposing of military property, wrongful appropriation, and larceny, in violation of Articles 81, 107, 108, and 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 907, 908, and 921 (2000), respectively. Appellant's sentence was adjudged on October 19, 2000, and included a dishonorable discharge, forfeiture of all pay and allowances, confinement for three years and a fine of $2,000. Appellant's plea agreement obligated the convening authority to suspend all confinement over 24 months. On June 29, 2001, the convening authority ultimately approved the sentence as adjudged except for the fine. He also suspended all confinement in excess of what Appellant would serve as of December, 15, 2001. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Rodriguez, NMCCA 200200740, slip op. at 8 (N-M. Ct. Crim. App. Nov. 26, 2003).

The Judge Advocate General of the Navy certified the following issue to this Court:

> WHETHER THE NAVY-MARINE CORPS COURT OF CRIMINAL
> APPEALS ERRED WHEN IT FOUND THAT THE PORTION OF
> THE TRIAL COUNSEL'S SENTENCING ARGUMENT COMPARING
> PRIVATE RODRIGUEZ' ACTIONS TO A "LATIN MOVIE" WAS
> "MERELY A 'GRATUITOUS' REFERENCE TO RACE" AS
> OPPOSED TO AN ARGUMENT BASED UPON RACIAL ANIMUS
> AND THEREFORE DID NOT REQUIRE REVERSAL OF THE
> SENTENCE.

Based on the specific facts of this case, including the nature of the improper argument and the fact that it occurred before a judge alone during sentencing, we conclude Appellant did not suffer material prejudice to a substantial right as a result of trial counsel's improper argument.

### Background

According to his brief, "Appellant is of Mexican descent and is Latino." At the time of trial, Appellant was a 21-year-old private, and married with one child. During closing argument on sentencing before the military judge, trial counsel stated: "These are not the actions of somebody who is trying to steal to give bread so his child doesn't starve, sir, some sort of a [L]atin movie here. These are the actions of somebody who is showing that he is greedy." Trial counsel's closing statement covers approximately three and one half pages in the record. The comment in question appears half way through the first page of the statement. Defense counsel objected to trial

3

counsel's argument regarding the use of the term "steal" and on the ground that trial counsel was commenting on pretrial negotiations.  Defense counsel did not object to the prosecutor's reference to "some sort of a [L]atin movie."

The Court of Criminal Appeals (CCA) "discern[ed] no logical basis for the trial counsel's '[L]atin movie' comment."  Rodriguez, NMCCA 200200740, slip op. at 6.  As a result, the CCA concluded that "the comment was improper and erroneous."  Id.  However, the CCA also stated that the comment "was merely a 'gratuitous' reference to race, it was not an argument based upon racial animus, nor was it likely to evoke racial animus."  Id.  The CCA tested for prejudice and found no plain error for five reasons:  (1) the comment was "not overly pejorative"; (2) it was a small part of an argument that exceeded three pages in the record; (3) Appellant did not object; (4) the adjudged sentence "does not reflect any animus on the part of the judge"; and (5) the convening authority significantly reduced the period of confinement beyond what was required by the terms of the pretrial agreement.  Id. at 6-7.

## Discussion

The certified question asks whether the CCA erred when it characterized trial counsel's statement as "merely a

4

'gratuitous' reference to race as opposed to an argument based upon racial animus." However, we believe the parties have framed a different question in their briefs and arguments: whether or not unwarranted references to race during a sentencing argument are subject to prejudice analysis.

It is improper for trial counsel to seek unduly to inflame the passions and prejudices of the sentencing authority. United States v. Clifton, 15 M.J. 26 (C.M.A. 1983); Rule for Courts-Martial [R.C.M.] 919(b) discussion. But failure to object to improper argument may constitute waiver. R.C.M. 1001(g). In the absence of an objection, we review for plain error. Plain error occurs when there is (1) error, (2) the error is obvious, and (3) the error results in material prejudice to a substantial right. United States v. Powell, 49 M.J. 460, 463-65 (C.A.A.F. 1998).

The Government concedes that the remark "had no clear relationship to any issue in the case" and that it could be misinterpreted as an "indirect reference" to race. Although in its brief the Government assumed arguendo that there might be error, at oral argument it conceded that trial counsel's argument constituted error, whether or not the statement was "gratuitous" or based on animus. The

5

thrust of the Government's argument is that in accordance with <u>Powell</u> an improper reference to race or ethnicity, like other improper argument, should be tested for material prejudice. In this case, the Government concludes that the error is not prejudicial because Appellant pleaded guilty before a court-martial consisting of a judge alone; he failed to object to the statement; and he received an appropriate sentence.

In Appellant's view, a statement about race is different from other improper argument. Where trial counsel makes improper racial comments the error "need not be tested for prejudice because of the overwhelming prejudice that that kind of error causes to the military system of criminal justice." Further, Appellant invites our attention to the Army Court of Criminal Appeals' application of <u>United States v. Olano</u>, 507 U.S. 725 (1993): that "certain errors may 'affect substantial rights' without a concomitant showing of prejudice." <u>United States v. Thompson</u>, 37 M.J. 1023, 1027 (A.C.M.R. 1993). Relying on the Army court's holding Appellant asserts that his "substantial and fundamental right to a trial free of the improper consideration of race" is such a right. <u>Id.</u> Therefore, Appellant urges that we adopt the <u>Thompson</u> analytic framework and apply a per se prejudice rule.

United States v. Rodriguez, No. 04-5003/MC

Appellant's argument is attractive for the clarity of its message.  As this Court has made clear, there is no room at the bar of military justice for racial bias or appeals to race or ethnicity.  See, e.g., United States v. Witham, 47 M.J. 297, 303 (C.A.A.F. 1997)(accused does not have right to discriminate against prospective members based on race); United States v. Green, 37 M.J. 380, 384 (C.M.A. 1993)(race is an inappropriate factor for determining a sentence); United States v. Diffoot, 54 M.J. 149, 154 (C.A.A.F. 2000)(Cox, J., dissenting)("There is no question that race, ethnicity, or national origin may not be used to obtain a conviction."); United States v. Greene, 36 M.J. 274, 282 (C.M.A. 1993)(Wiss, J., concurring)("Racial discrimination is anathema to the military justice system.").  We are cognizant that if zero tolerance means zero tolerance there is a risk that some may surmise a mixed signal where a court condemns with one hand but affirms with the other.

The Supreme Court has emphatically condemned unwarranted racial argument: "The Constitution prohibits racially biased prosecutorial arguments."  McCleskey v. Kemp, 481 U.S. 279, 310 (1987)(citation omitted).  The majority of the federal circuits test for prejudice in cases of improper racial argument.  United States v. Doe,

903 F.2d 16, 25 (D.C. Cir. 1990); McFarland v. Smith, 611 F.2d 414, 416-17 (2d Cir. 1979); Miller v. North Carolina, 583 F.2d 701, 706-07 (4th Cir. 1978); Smith v. Farley, 59 F.3d 659, 663-64 (7th Cir. 1995); Race v. Pung, 907 F.2d 83, 85 (8th Cir. 1990); Bains v. Cambra, 204 F.3d 964, 974 (9th Cir. 2000); United States v. Abello-Silva, 948 F.2d 1168, 1182 (10th Cir. 1991); accord Diffoot, 54 M.J. 149. Cognizant of this norm, Appellant argues that the military should be less tolerant of racial argument than in civilian practice and apply a per se rule of prejudice.

In our view, unwarranted references to race or ethnicity have no place in either the military or civilian forum.  The Supreme Court has not suggested otherwise. However, we see no reason not to adhere to the prevailing approach.  See generally Military Rule of Evidence 101 (applying rules of evidence consistent with rules of evidence in federal district courts).  Our holding acknowledges the importance of a fair trial and the insidious impact that racial or ethnic bias, or stereotype, can have on justice.  At the same time, our holding acknowledges that where, in fact, there is no prejudice to an accused, we should not forsake society's other interests in the timely and efficient administration of justice, the

interests of victims, and in the military context, the potential impact on national security deployment.

Therefore, we agree with the CCA. Appellant did not suffer material prejudice to a substantial right. Trial counsel's statement was before a military judge alone. Military judges are presumed to know the law and to follow it absent clear evidence to the contrary. United States v. Mason, 45 M.J. 483, 484 (C.A.A.F. 1997)(citation omitted). Finally, there is no indication in the record that the statement affected the military judge or impacted Appellant's sentence. Appellant was convicted of conspiracy to steal over $1,000 worth of military property, three specifications of wrongfully disposing of military property, four specifications of wrongful appropriation of military property, three specifications of stealing hundreds of dollars worth of military property, and making false official statements on two occasions. Appellant's maximum exposure for these offenses was, among other punishments, over 54 years of confinement and a dishonorable discharge. As noted earlier, Appellant's adjudged sentence included three years of confinement, total forfeitures, a fine, and a dishonorable discharge.

We caution, however, that such prejudice determinations are fact specific. In a given situation

racial or ethnic remarks, including before a military judge, may deny an accused a fair trial.  Race is different.  See, e.g., McCleskey, 481 U.S. at 309 ("Because of the risk that the factor of race may enter the criminal justice process, we have engaged in 'unceasing efforts' to eradicate racial prejudice from our criminal justice system.")(citing Batson v. Kentucky, 476 U.S. 79, 85 (1986)); Smith, 59 F.3d at 665 ("Race occupies a special place in the modern law of constitutional criminal procedure."); United States v. Lawrence, 47 M.J. 572, 575 (N-M. Ct. Crim. App. 1997)("Absent a logical basis for the introduction of race as an issue, and strong evidentiary support for its introduction," race has no place in military or civilian justice.).  Therefore, it is the rare case indeed, involving the most tangential allusion, where the unwarranted reference to race or ethnicity will not be obvious error.  Our concern with unwarranted statements about race and ethnicity are magnified when the trial is before members.  This is true whether or not it is motivated by animus, as we cannot ultimately know what effect, if any, such statements may have on the fact finder or sentencing authority.

United States v. Rodriguez, No. 04-5003/MC

## Decision

We answer the certified question in the negative.  The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.