STUCKY, Judge, with whom BAKER, Judge,
joins (concurring):
I agree with the majority’s conclusion that the military judge did not commit plain error, but write separately because the Court’s reliance on the balancing test in United States v. Fletcher, 62 M.J. 175, 184 (C.A.A.F.2005) appears misplaced in a judge-alone trial such as this.
In Fletcher, we appropriately found that determining the existence of prejudice caused by trial counsel’s improper comments made before a court-martial including members depends on balancing the severity of counsel’s misconduct against the military judge’s curative measures and the weight of the evidence supporting conviction. See id. In other words, the more improper the argument, the greater the counterweight of curative measures and the weight of the evidence must be to overcome any potential prejudice.
In a judge-alone case like this one, curative measures are superfluous because the military judge is presumed to know and apply the law correctly. United States v. Rodriguez, 60 M.J. 87, 90 (C.A.A.F.2004). The facts of this ease are fortuitous in that the improper conduct is balanced by overwhelming evidence supporting conviction. As such, curative measures are unnecessary under the Fletcher rubric. However, when this Court considers a future case in which trial counsel’s egregious conduct is balanced against evidence of guilt of less than overwhelming weight, a Fletcher analysis would seem to require the military judge in that case to impose significant curative measures on himself to counterbalance the improper argument. This could not only lead to an absurd result, but also would contradict the principle that the military judge is presumed to know and apply the law correctly.
As an alternative to the Court’s Fletcher analysis, I would have reviewed the record for any evidence of prejudice sufficient to rebut the presumption that the military judge knew and applied the law correctly. Seeing no such evidence, I concur with my colleagues that there was no material prejudice to Appellant’s rights and, therefore, no plain error.