# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM 39573

_____

### UNITED STATES
*Appellee*

v.

### Christopher G. JENSEN
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 19 May 2020

_____

*Military Judge:* Donald R. Eller, Jr.

*Approved sentence:* Dishonorable discharge, confinement for 5 years, and reduction to E-1. Sentence adjudged 24 September 2018 by GCM convened at Whiteman Air Force Base, Missouri.

*For Appellant:* Captain M. Dedra Campbell, USAF.

*For Appellee:* Captain Peter F. Kellett, USAF; Mary Ellen Payne, Esquire; Justin A. Miller (legal intern).[1]

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Judge POSCH delivered the opinion of the court, in which Chief Judge J. JOHNSON and Judge KEY joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

POSCH, Judge:

_____

[1] Mr. Miller was at all times supervised by an attorney admitted to practice before this court.

In accordance with Appellant's pleas of guilty, a general court-martial composed of a military judge found Appellant guilty of one specification each of possession and distribution, on divers occasions, of child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[2] After the military judge accepted Appellant's pleas, he sentenced Appellant to a dishonorable discharge, confinement for five years, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant raises two issues on appeal: (1) whether the military judge abused his discretion by accepting Appellant's pleas of guilty without first conducting a statute of limitations waiver inquiry as required by Rule for Courts-Martial (R.C.M.) 907(b)(2)(B); and (2) whether the military judge committed plain error during the sentencing hearing by allowing the trial counsel to argue victim impact resulting from child molestation offenses not directly related to the offenses of possession and distribution of child pornography.

We find the military judge abused his discretion in accepting Appellant's pleas because the first two months of the charged timeframe of each offense were barred by the statute of limitations. Finding no substantial basis in law and fact for questioning Appellant's guilty pleas to the rest of the charged timeframes, we modify the language in Specifications 1 and 2 of the sole Charge accordingly. Having found no other error that materially prejudiced Appellant's substantial rights, we affirm the modified findings and the sentence.

## I. BACKGROUND

In December 2017, a Corporal in the Missouri State Highway Patrol (MSHP) initiated an investigation to identify individuals sharing suspected child pornography through an online file sharing program. In the course of the investigation, the MSHP Corporal downloaded approximately 17 files of suspected child pornography from an Internet Protocol (IP) address tied to a residence on Whiteman Air Force Base (AFB). Records obtained from a MSHP subpoena sent to a local Internet service provider connected Appellant to the IP address.

In early January 2018, the MSHP Corporal contacted a special agent with the Air Force Office of Special Investigations (AFOSI) on Whiteman AFB, which led to the discovery that Appellant possessed and distributed child por-

---

[2] All references in this opinion to the Uniform Code of Military Justice (UCMJ), Rules for Courts-Martial, and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2016 ed.).

nography using his electronic media devices. On the day of Appellant's apprehension, 10 January 2018, and again on 12 January 2018, Appellant admitted to conduct which led the Government to charge Appellant with possession and distribution of child pornography using his electronic devices.

Appellant's convictions are founded on his pleas of guilty to charged timeframes that exceeded the statute of limitations by two months. Neither party nor the military judge addressed the potential statute of limitations defense at any point during Appellant's trial.

At the sentencing hearing, the Government presented evidence of Appellant's admissions to the AFOSI agents, evidence of child pornography discovered on Appellant's electronic devices, and the testimony of a computer forensic examiner who analyzed Appellant's media. The military judge also considered Appellant's enlisted performance reports, personal data as reflected in his personnel records, and Appellant's written unsworn statement.

## II. DISCUSSION

### A. Statute of Limitations

#### 1. Additional Background

Appellant was charged with possession and distribution of child pornography during a five-year timeframe that ended the day before AFOSI agents apprehended Appellant on 10 January 2018 and seized his electronic devices. Each specification alleged Appellant's wrongdoing happened "between on or about 9 January 2013 and on or about 9 January 2018." On 9 March 2018— two months after the last day of the charged timeframe—the Charge and its two specifications were preferred and were subsequently received by the summary court-martial convening authority later the same day, thus tolling the five-year statute of limitations. *See* Article 43(b)(1), UCMJ, 10 U.S.C. § 843(b)(1).

For the first time on appeal, Appellant asserts, and the Government concedes, that 9 March 2013, and not 9 January 2013, is the first day within the statute of limitations for both offenses. *See id.*; *United States v. Tunnell*, 23 M.J. 110, 117 (C.M.A. 1986) (interpreting statute of limitations and holding the date of receipt of charges must be excluded in determining whether the offense occurred more than a specified number of years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction). We agree and find that the first two months of the charged timeframe—9 January 2013 to 8 March 2013—are barred by the statute of limitations. However, we find Appellant was not materially prejudiced by the military judge's abuse of discretion in accepting Appellant's pleas of guilty as charged by the Government.

**2. Law**

"We review a military judge's decision to accept a guilty plea for an abuse of discretion." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citing *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)). "During a guilty plea inquiry[,] the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citation omitted). A military judge abuses his discretion in accepting a plea when "there exists 'something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea.'" *United States v. Hayes*, 70 M.J. 454, 457 (C.A.A.F. 2012) (quoting *Inabinette*, 66 M.J. at 322). An appellate court "will not overturn a military judge's acceptance of a guilty plea based on a mere possibility of a defense. The record must show a substantial basis in law and fact for rejecting the plea of guilty." *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996) (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted); *see also Hayes*, 70 M.J. at 458 (distinguishing a "possible defense" from the "mere possibility of a defense").

Rule for Courts-Martial 907(b)(2)(B) provides that the running of the statute of limitations under Article 43, UCMJ, 10 U.S.C. § 843, is waivable grounds for a motion to dismiss. R.C.M. 907(b)(2)(B) further provides "that, if it appears that the accused is unaware of the right to assert the statute of limitations in bar of trial, the military judge shall inform the accused of this right." Our superior court has similarly required that "'whenever it appears that the statute of limitations has run against an offense,' that fact will be brought to the attention of the accused by the court." *United States v. Salter*, 20 M.J. 116, 117 (C.M.A. 1985) (quoting *United States v. Rodgers*, 24 C.M.R. 36, 38 (C.M.A. 1957)).

When an appellant raises a statute of limitations defense for the first time on appeal and appears to have been unaware of the right at trial, our superior court reviews for plain error. *United States v. Briggs*, 78 M.J. 289, 295 (C.A.A.F. 2019), *cert. granted*, __ U.S. __, 140 S. Ct. 519 (2019). In a plain error analysis the "[a]ppellant has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011). Waiver, by contrast, "leaves no error to correct on appeal." *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citing *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).

### 3. Analysis

Appellant explained during his plea inquiry that he was a member of online groups that exchanged files containing child pornography. He intentionally downloaded child pornography using messaging applications and peer-to-peer file transfer software. On a few occasions, members of a group would personally message Appellant and tell him they had lost a specific folder that the person knew Appellant had downloaded. The member would ask Appellant to return the folder and Appellant would do so knowing the folder contained child pornography. Appellant explained a second way he distributed child pornography to members of the online groups to which he belonged, "When you're in a group the files automatically download to a cache on your phone or your computer."

At the start of the plea inquiry for each offense, Appellant read from a prepared statement admitting that the child pornography he possessed and distributed, respectively, on divers occasions occurred between the beginning and end dates in the timeframe charged by the Government. Appellant thus pleaded guilty to two months that were barred by the statute of limitations. Before accepting Appellant's pleas, the military judge did not ask Appellant to specify with greater detail when he committed either offense. Nor did the military judge conduct an inquiry required by R.C.M. 907(b)(2)(B), to determine if Appellant understood that he had a defense to two months of the charged timeframe for each offense because those months were time-barred by the statute of limitations. *See* R.C.M. 910(e), Discussion.

A plea of guilty does not waive a statute of limitations defense when the record does not disclose that an accused was aware of the right to assert the defense. *Salter*, 20 M.J. at 117. However, neither party nor the military judge addressed the applicability of the statute of limitations at any point during the trial. Therefore, the principle of waiver does not apply, and we review for plain error. *Briggs*, 78 M.J. at 295. Here, an examination of the charge sheet was enough to determine that the statute of limitations had run against the two months. Thus, we find the military judge committed clear and obvious error by failing to inform Appellant that a five-year period of limitation existed for both offenses.

However, we find no material prejudice because evidence that the Government presented in its sentencing case supports Appellant's pleas of guilty to the portion of the charged timeframe that was not time-barred—between 9 March 2013 and on or about 9 January 2018—for both specifications. In his first interview with the AFOSI agents on 10 January 2018, Appellant admitted to downloading several files containing child pornography onto his computer

in late 2017.[3] His admission was confirmed by the testimony of a computer forensic examiner with the Defense Computer Forensics Laboratory (DCFL) who analyzed Appellant's electronic devices. The expert testified Appellant downloaded images of "potential" child pornography on 10 and 20 December 2017. On 12 January 2018, Appellant admitted to the AFOSI agents that he downloaded child pornography for the first time "maybe" two or three years prior to the interview, although he was not certain when.[4] This admission placed Appellant's initial possession of child pornography during the 2015 to 2016 time period, which is within the statute of limitations. Forensic analysis also uncovered that Appellant possessed child pornography on two cell phones that AFOSI agents seized in January 2018. Forensic analysis discovered that a portion of the child pornography was transferred to one of Appellant's phones in September 2017.

Turning to the distribution offense, AFOSI Special Agent ZP testified at sentencing how the investigation identified Appellant's involvement in "an exchange of known child pornography" with the MSHP Corporal. The DCFL examiner explained that Appellant's computer file system was set to sharing mode, which allowed the MSHP Corporal to download approximately 17 child pornography files from Appellant's media using Appellant's IP address. The DCFL examiner found evidence that Appellant distributed child pornography using a Bit Torrent Client program that was set to automatically share files. An affidavit Special Agent ZP prepared that was relied on by the preliminary hearing officer (PHO), and an affidavit prepared by a MSHP law enforcement

---

[3] Appellant explained he downloaded the files in "late November" or "December" and did not view the materials until they completely downloaded "days later," which he clarified was a "couple of weeks" or "maybe a week" before the AFOSI interview. Prosecution Exhibit 3 at 10:15–11:20, 27:15–30:10 (Appellant's videorecorded interview with AFOSI agents on 10 January 2018). A verbatim transcript of the interview was not included in the record of trial as required by Air Force Manual (AFMAN) 51–203, *Records of Trial*, ¶ 12.8 (4 Sep. 2018, as amended by AFGM 2019-01, 9 May 2019) ("Transcribe verbatim audio or video recordings introduced at trial."), but this error did not prejudice Appellant.

[4] Prosecution Exhibit 4 at 22:08—22:32 (Appellant's videorecorded interview with AFOSI agents on 12 January 2018). A verbatim transcript of Appellant's interview with the AFOSI agents was not included in the record of trial. Appellant was not prejudiced by this error. *See* n.3 *supra*.

officer,[5] establish that Appellant's IP address was used to distribute child pornography to the MSHP Corporal on 10 December 2017.[6]

Appellant's pleas of guilty to the first two months of the five-year timeframes charged by the Government were improvident, and thus the military judge abused his discretion in accepting Appellant's pleas. Erroneous findings, however, do not reach the providence of an appellant's pleas which encompass acts of misconduct committed within a statutory limit. *See United States v. Lee*, 29 M.J. 516, 518 (A.C.M.R. 1989) (time-barred period of a specification does not "affect the provident portions of guilty pleas encompassing acts of misconduct committed *within* the statutory limit"), *aff'd*, 29 M.J. 446 (C.M.A. 1989) (mem.).

Based on the evidence in the record, we find Appellant's plea to be provident for the period that begins on 9 March 2013 and ends on or about 9 January 2018 for both specifications. Appellant continued to possess child pornography until it left his dominion and control in January of 2018 when the AFOSI agents seized his electronic devices. Appellant's distribution of child pornography spanned the period that began when he was downloading the contraband in 2015–2016 until 10 December 2017.[7] We find the record does not show a substantial basis in law and fact for rejecting Appellant's plea of guilty to the portion of the charged timeframe that encompasses the period between 9 March 2013 and on or about 9 January 2018 for both specifications. *See Faircloth*, 45 M.J. at 174. The record only established a defense for the two months preceeding this period that was time-barred by the statute of limitations. Thus, just two months of the charged timeframes raise a substantial question regarding Appellant's guilty plea, which the military judge abused his discretion in accepting. *See Hayes*, 70 M.J. at 457.

---

[5] The affidavit was attached to Appellate Exhibit V, the Government's response to Appellant's motion to suppress statements Appellant made to the AFOSI agents that were admitted as Prosecution Exhibits 3 and 4.

[6] The PHO examined documentation presented at the Article 32, UCMJ, 10 U.S.C. § 832, hearing and concluded the charged timeframe for both offenses "should be no earlier than 10 December 2017 when the MSHP initiated its online investigation." However, the PHO did not identify a statute of limitations issue, and the PHO's recommendation was not adopted.

[7] In her sentencing argument, trial defense counsel pointed out that despite the Government charging Appellant for conduct "back to 2013" after Appellant arrived at Whiteman AFB, most of the evidence against Appellant was due to "two big downloads" in 2017, "[a] month before [Appellant] was interviewed [by agents of the AFOSI]."

This court "may affirm only such findings of guilty . . . as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "This power provides us the authority to make exceptions and substitutions to the findings on appeal, so long as we do not amend a finding on a theory not presented to the trier of fact." *United States v. Hale*, 77 M.J. 598, 607 (A.F. Ct. Crim. App. 2018) (citations omitted) (amending specification to align with the dates of court-martial jurisdiction), *aff'd*, 78 M.J. 268 (C.A.A.F. 2019). Therefore, pursuant to our authority to amend specifications to ensure they are correct, the findings of guilty to Specifications 1 and 2, as modified, can be affirmed on the basis of Appellant's pleas and the record.[8] We take appropriate action in our decree.

## B. Sentencing Argument

Appellant claims error in that trial counsel's sentencing argument focused on victim impact resulting from child molestation offenses not directly related to Appellant's conviction for possession and distribution of child pornography.

### 1. Additional Background

During its sentencing case, the Government presented no evidence of victim impact and no victim presented a statement pursuant to R.C.M. 1001A. *See generally United States v. Barker*, 77 M.J. 377, 382 (C.A.A.F. 2018) ("rights vindicated by R.C.M. 1001A are personal to the victim in each individual case"). Trial counsel recommended the military judge sentence Appellant to be confined for 13 years confinement, a dishonorable discharge, total forfeitures, and reduction to the grade of E-1.

In justifying the recommended sentence, trial counsel centered her arguments on the theme that Appellant's possession and distribution of child pornography "is not a victimless crime." She began her argument by stating, "[S]exual molestation of a child is arguably the most heinous crime that a human being can commit. *Recording*, publication, and distribution of these crimes can give new and indefinite life to these crimes in shocking ways." (Emphasis added). Trial counsel argued that the children recorded in videos found on Appellant's media were "[r]eal children; real victims, with lives to live with these memories." Trial counsel went on to describe the sexual acts in six videos and

---

[8] Related to this assignment of error, Appellant contends he was prejudiced at sentencing when the Government admitted, without objection, Prosecution Exhibit 7, which contained representative child pornography files that the DCFL examiner found on Appellant's devices. We reject Appellant's claim that "potentially all of the files" were evidence he possessed contraband "during the time-barred period," finding that the files were all in Appellant's possession in January of 2018 when AFOSI agents seized Appellant's electronic devices. Therefore, the military judge did not consider misconduct outside the statute of limitations in sentencing as Appellant contends.

the length of time the children depicted in two videos had to endure the sexual assaults. Then, trial counsel argued that the maximum sentence was "a reasonable punishment for the heinous crimes *involved here. These children do not get a magic button they get to press, to make years of their sentence go away.* Neither should [Appellant]." (Emphasis added).

While discussing the impact of Appellant's offenses on the children, trial counsel argued, "Try telling them that *those who* collected and watched them suffer, daily, for years, in the comfort of their own couches, for their own entertainment and enjoyment, . . . what *these people did* wasn't serious." (Emphasis added). In closing, trial counsel again reminded the military judge that Appellant's crime is not "victimless." Trial counsel explained again:

> Remember, these are real children in those files. Real children, with real scars, and nightmares they will have to live with for the rest of their lives. This is not a victimless crime. Those young children have been subjected to a life-sentence. They must live the rest of their life [sic] with the scars and memories imposed on them, *by other people's* choices.

(Emphasis added). At the end of her argument, trial counsel argued Appellant "is the one who committed *these crimes*, he is the one with the curious cravings for children being subjected to the worst of humanity." (Emphasis added).

Trial defense counsel did not object during trial counsel's argument but chose to rebut it by emphasizing that Appellant cannot be sentenced for committing the conduct depicted on Appellant's media:

> Trial counsel continuously highlighted the content of these videos, and talked about molestation of children, being the most heinous crime out there. That is certainly not what [Appellant] is charged with. This was not a production case, he didn't create it. He didn't cause this damage to these children. These children have no idea that [Appellant] even had this material. He doesn't know the people who caused the damage. He didn't seek out children in anyway. And he didn't facilitate it happening for others.

At the close of argument, trial defense counsel maintained, "[A]s tempting as it is, as the government wants you to do, we ask that you do not sentence [Appellant] with these children in mind."

### 2. Law

Whether argument is improper is a question of law we review de novo. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014) (citation omitted). If trial defense counsel fail to object to the argument at trial, we review for plain

error. *United States v. Pabelona*, 76 M.J. 9, 11 (C.A.A.F. 2017) (citation omitted). To establish plain error, an appellant must prove that: "(1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *Id.* (quoting *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008)) (internal quotation marks omitted).

"[T]rial counsel is at liberty to strike hard, but not foul, blows." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). Trial counsel is limited to arguing the evidence in the record and the inferences fairly derived from that evidence. *See* R.C.M. 919(b); *United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007); *United States v. White*, 36 M.J. 306, 308 (C.M.A. 1993). Whether or not the comments are fair must be resolved by examining the comments within the context of the entire court-martial. *United States v. Gilley*, 56 M.J. 113, 121 (C.A.A.F. 2001) (citation omitted).

"Where improper argument occurs during the sentencing portion of the trial, we determine whether or not we can be confident that [an appellant] was sentenced on the basis of the evidence alone." *Pabelona*, 76 M.J. at 12 (alteration in original) (quoting *Frey*, 73 M.J. at 248 ).

### 3. Analysis

To the extent that the trial counsel argued that possession and distribution of child pornography is not a victimless crime, her argument was a reasonable inference and permissible.[9] *See generally United States v. Hamilton*, 78 M.J. 335, 340 (C.A.A.F. 2019) (quoting *Paroline v. United States*, 572 U.S. 434, 457 (2014) ("The unlawful conduct of everyone who reproduces, distributes, or possesses the images of the victim's abuse . . . plays a part in sustaining and aggravating this tragedy.")). The continuing harm that the possession of child pornography causes to victims "is itself settled law." *Barker*, 77 M.J. at 384 (citing *Osborne v. Ohio*, 495 U.S. 103, 111 (1990)) (noting that constant revictimization theme is "well known to the law, and thus [is] presumed to have been known by the military judge").

Appellant contends we should find error because trial counsel argued that Appellant should be sentenced for the acts of child molestation that were depicted in files on his electronic devices. We find troubling there were moments when a reasonable factfinder could not discern if trial counsel was arguing for

---

[9] Appellant points out there is no evidence any child was revictimized or even aware that a particular image was circulated. To the extent trial counsel argued Appellant could not have possessed and distributed child pornography if real children had not been sexually abused and videorecorded, this was a reasonable inference.

a heightened sentence based on the facts underlying Appellant's possession and distribution of child pornography, a permissible argument, or whether trial counsel impermissibly argued for a heightened sentence for crimes committed by others. The argument that *recording* sexual acts involving minors can give new life to acts of child molestation was the first and among the clearest examples of improper argument. We similarly find troubling that trial counsel justified her recommended sentence, in part, because children were victims of a cast of *other people* who, like Appellant, impose choices on victims by collecting and watching child pornography. At times, trial counsel's argument appeared to hold Appellant to account for producers of child pornography and others who possess and view it, thereby advocating for a harsher sentence for acts Appellant did not commit.

Although it may be a fine line between emphasizing that possession and distribution of child pornography revictimizes children on the one hand and ascribing fault to Appellant for the crimes of others on the other, we do not decide if it was plain, clear, or obvious error for trial counsel to make these arguments because Appellant has not demonstrated material prejudice to any substantial right. *See Pabelona*, 76 M.J. at 11. Appellant was sentenced by a military judge sitting alone. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 485 (C.A.A.F. 1997)). Our superior court has also recognized, "[a]s part of this presumption we further presume that the military judge is able to distinguish between proper and improper sentencing arguments." *Id.*; *see also United States v. Rodriguez*, 60 M.J. 87, 90 (C.A.A.F. 2004) (a military judge as a factfinder is presumed to know the law and apply it correctly, filtering out objectionable material to reach a proper outcome, "absent clear evidence to the contrary").

The military judge could filter out trial counsel's objectionable remarks. Additionally, the comments Appellant now asserts were error constituted just a portion of the Government's argument. Trial counsel also focused on the young ages of the children and comments Appellant made to investigators. Trial counsel also focused on the number and types of images and videos Appellant possessed and distributed. She also argued how each component of her recommended sentence was consistent with Appellant's offenses and commonly accepted principles of sentencing. *See* R.C.M. 1001(g).

Upon considering the full context of the sentencing argument in this judge-alone trial, we can be confident that Appellant was sentenced on the basis of the evidence alone, *see Pabelona*, 76 M.J. at 12, and that Appellant's claimed errors did not materially prejudice a substantial right. *See id.*; Article 59(a), UCMJ, 10 U.S.C. § 859(a).

### III. CONCLUSION

The findings of guilty to Specifications 1 and 2 of the Charge are modified by excepting the date "9 January 2013" and substituting therefor the date "9 March 2013" in each specification. The excepted dates are **SET ASIDE** and **DISMISSED WITH PREJUDICE**. The findings, as modified, and the sentence are **AFFIRMED**. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court