# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32827**

————————————

**UNITED STATES**
*Appellee*

v.

**Jose A. ASTACIO BURGESS**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 December 2025

————————————

*Military Judge*: Kirk W. Albertson.

*Sentence*: Sentence adjudged 13 May 2025 by SpCM convened at Beale Air Force Base, California. Sentence entered by military judge on 12 June 2025: Bad-conduct discharge, forfeiture of $1,546.00 pay per month for six months, reduction to E-1, and a reprimand.

*For Appellant*: Captain Paige F. Markley Denton, USAF.

*For Appellee*: Colonel G. Matt Osborn, USAF; Major Vanessa Bairos, USAF; Mary Ellen Payne, Esquire.

Before GRUEN, PERCLE, and MORGAN, *Appellate Military Judges*.

Judge PERCLE delivered the opinion of the court, in which Senior Judge GRUEN and Judge MORGAN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PERCLE, Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas and pursuant to a plea agreement, of one specification of divers wrongful possession of psilocybin, a Schedule I controlled substance; one

specification of divers wrongful distribution of psilocybin, a Schedule I controlled substance; and two specifications of wrongfully introducing psilocybin, a Schedule I controlled substance, onto an Air Force installation with the intent to distribute the same substance, all in violation of Article 112a, Uniform of Code Military Justice (UCMJ), 10 U.S.C. § 912a.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, to forfeit $1,546.00 pay per month for six months, reduction to the grade of E-1, and a reprimand.[3] The convening authority took no action on the findings or the sentence.

On 18 September 2025, counsel on behalf of Appellant submitted a brief to this court stating Appellant "does not admit that the findings and sentence are correct in law and fact but submits this case to this [c]ourt on its merits with no specific assignments of error." On 24 September 2025, we specified three issues for briefing in the case: (1) whether the military judge abused his discretion in accepting Appellant's pleas to each specification of Charge II; (2) assuming the military judge did abuse his discretion in accepting Appellant's plea to one or more specifications, what is the appropriate remedy; and (3) are Charges I, II, and IV and their specifications dismissed with prejudice, vice dismissed with prejudice conditioned upon the completion of appellate review as agreed upon in the plea agreement.

As to specified issue (3), we determined this issue is not ripe and decline to address it. *See*, *e.g.*, *United States v. Wall*, 79 M.J. 456, 459 (C.A.A.F. 2020) (citation omitted) (explaining that appellate courts "generally adhere" to the principle that issues not ripe for appeal cannot be decided). As to the remaining specified issues, we address them together and find the military judge abused his discretion in accepting Appellant's pleas to Specifications 1 and 2 of Charge II (wrongful possession and wrongful distribution of psilocybin, each on divers occasions) because during the first 104 days of the charged timeframe of each offense the court lacked personal jurisdiction over Appellant. However, we find no substantial basis in law and fact for questioning Appellant's guilty pleas to

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] These convicted offenses formed the basis for Charge II. All remaining specifications to Charges I, III, and IV were withdrawn and dismissed with prejudice. We also note the specifications for Charge II were erroneously identified on the Statement of Trial Results and the entry of judgment as roman numerals. We find this was a scrivener's error.

[3] Related to the punishment, the plea agreement required the military judge impose a sentence of a bad-conduct discharge, reduction to the grade of Airman Basic (E-1), a reprimand, and "two-thirds forfeiture of basic pay per month," which the parties agreed meant "forfeiture of two-thirds pay, $1,546 per month for six months."

a narrower charged timeframe in Specifications 1 and 2 and therefore set aside language in Specifications 1 and 2 of Charge II accordingly. Having found no other error that materially prejudiced Appellant's substantial rights, we affirm the modified findings and sentence as reassessed.

## I. BACKGROUND

During Appellant's short time in the Air Force, beginning when he enlisted on 4 October 2022, he committed several crimes involving psilocybin mushrooms, a Schedule I controlled substance. Related to Specification 1 of Charge II, on two separate instances in January and February 2024, Appellant ordered and received in the mail packages containing approximately 20 grams of psilocybin mushrooms.[4] Appellant possessed each of these packages in his residence for approximately one month. One of these packages was later seized by authorities and the contents were tested, which confirmed the contents were psilocybin mushrooms.

Related to Specification 2 of Charge II, on or about 14 February 2024, Appellant distributed approximately two grams of psilocybin mushrooms to a fellow Airman, receiving $39.00 in exchange. Appellant also distributed approximately four grams of psilocybin mushrooms on 23 February 2024, to a different Airman with whom he lived.

Related to Specifications 3 and 4 of Charge II, also in the early months of 2024, Appellant introduced psilocybin mushrooms onto two separate Air Force installations by mailing packages to the base post offices with the intention of distributing the mushrooms to Airmen on those bases.

## II. DISCUSSION

### A. Law

We review questions of court-martial jurisdiction de novo. *United States v. Hale*, 78 M.J. 268, 270 (C.A.A.F. 2019) (citing *EV v. United States*, 75 M.J. 331, 333 (C.A.A.F. 2016)). "When challenged, the [G]overnment must prove jurisdiction by a preponderance of evidence." *Id.* (citing *United States v. Morita*, 74 M.J. 116, 121 (C.A.A.F. 2015) (citation omitted)).

"Jurisdiction is the power of a court to try and determine a case and to render a valid judgment." *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006).

---

[4] The facts summarized in this section are contained in Appellant's sworn statements to the military judge during his guilty plea inquiry. Nothing in the record contradicts the statements made by Appellant related to his 2024 misconduct.

> For courts-martial jurisdiction to vest, three requirements must be met: (1) jurisdiction over the offense, (2) jurisdiction over the accused, and (3) a properly convened and composed court-martial. For jurisdiction over the offense, the inquiry focuses on "whether the person is subject to the UCMJ at the time of the offense." For jurisdiction over an accused, the inquiry focuses on whether the accused was a "'person subject to the [Uniform Code of Military Justice' both at the time of the offense and at the time of trial."

*United States v. Dodson*, No. ACM 20051, 2022 CCA LEXIS 65, at *7–8 (A.F. Ct. Crim. App. 31 Jan. 2022) (unpub. op.) (citations omitted).

We review a military judge's acceptance of "a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015) (quoting *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008)). In reviewing a military judge's acceptance of a guilty plea, we consider whether "the record as a whole show[s] 'a substantial basis' in law and fact" to question the plea. *Inabinette,* 66 M.J. at 322 (internal quotation marks and citation omitted).

A military judge abuses his discretion by accepting a plea of guilty where a portion of the pleaded-to charged timeframe extends outside the statute of limitations. *United States v. Jensen*, No. ACM 39573, 2020 CCA LEXIS 163, at *10–11 (A.F. Ct. Crim. App. 19 May 2020) (unpub. op.). "Erroneous findings, however, do not reach the providence of an appellant's pleas which encompass acts of misconduct committed within a statutory limit." *Id.* (citing *United States v. Lee*, 29 M.J. 516, 518 (A.C.M.R. 1989) (holding "time-barred period of a specification does not 'affect the provident portions of guilty pleas encompassing acts of misconduct committed *within* the statutory limit'")).

This court has the power to reassess a sentence after it has set aside language from the findings of guilty. *See United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013); *United States v. Kibler*, 84 M.J. 603, 609–10 (A. Ct. Crim. App. 2024) (en banc) (reassessing the sentence after finding the guilty plea to one of the specifications improvident). In these circumstances, this court has broad discretion first to decide whether to reassess a sentence, and then to arrive at a reassessed sentence. *Winckelmann*, 73 M.J. at 12. In deciding whether to reassess a sentence or, in the alternative, return a case for a rehearing, we consider the totality of the circumstances including but not limited to the following factors set forth in *Winckelmann*: (1) any "[d]ramatic changes in the penalty landscape and exposure;" (2) whether the appellant was sentenced by court members or a military judge; (3) whether "the remaining offenses capture the gravamen of criminal conduct . . . within the original offenses and . . . whether significant or aggravating circumstances addressed at

the court-martial remain admissible and relevant to the remaining offenses;" and (4) whether "the remaining offenses are of the type that [appellate] judges . . . should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial." *Id.* at 15–16 (citations omitted).

These factors are "illustrative, but not dispositive, points of analysis" to be considered as part of "the totality of the circumstances." *Id.* at 15. This court must order a rehearing when it cannot determine that the sentence would have been at least of a certain magnitude. *See United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) (citation omitted). In considering reassessment we also consider the nature of the available punishments at the court-martial concerned. Insofar as a bad-conduct discharge was adjudged at trial in this case, we note that "[a] bad-conduct discharge is less severe than a dishonorable discharge and is designated as a punishment for bad-conduct rather than as a punishment for serious offenses of either a civilian or military nature." R.C.M. 1003(b)(8)(C).

**B. Analysis**

We find the military judge did not abuse his discretion when he accepted Appellant's pleas to Specifications 3 and 4 of Charge II as charged and pleaded.

However, Specifications 1 and 2 allege Appellant committed misconduct from the date range of 22 June 2022 until 29 February 2024 even though the record reflects that Appellant did not enter active duty until 4 October 2022. In response to the court's specified issues related to the charged timeframe, both parties agree Appellant was not on active duty during part of the original charged timeframe to which Appellant pleaded guilty, from 22 June 2022 through 3 October 2022.[5] Therefore, both parties agree personal jurisdiction over Appellant attached on 4 October 2022, when Appellant entered active duty and was "a 'person subject to the [Uniform Code of Military Justice]' both at the time of the offense and at the time of trial." *United States v. Ali,* 71 M.J. 256, 265 (C.A.A.F. 2012). Therefore, we find the military judge abused his discretion in accepting Appellant's pleas for Specifications 1 and 2 for the broader timeframe.

However, despite there being a period of time in his plea that was error, both parties also agree we could uphold Appellant's pleas of guilty to Specifications 1 and 2 of Charge II by excepting out the charged time period pre-dating Appellant's regular component status and affirm the specifications

---

[5] This is consistent with Appellant's plea inquiry, wherein the military judge clarified Appellant's date of enlistment was 4 October 2022.

encompassing only those acts of misconduct committed within the statutory limit. *Lee*, 29 M.J. at 518.[6]

The judgment of a court-martial without jurisdiction is void. We urge the exercise of vigilance by all justice practitioners in respecting the requisites for courts-martial jurisdiction. Still, we agree with both parties and are convinced jurisdiction existed over Appellant and his crimes related to his criminal conduct in 2024. For the same reasons as this court found in *Jensen*, we find based on the evidence in the record that Appellant's pleas to Specifications 1 and 2 of Charge II are provident for the period between on or about 1 January 2024 and on or about 29 February 2024. Therefore, we modify the affected specifications in our decretal paragraph to narrow the charged timeframe to cover only that period when the United States Air Force had personal jurisdiction over Appellant because he was serving on active duty.

Having narrowed the charged timeframe for those two specifications, we look to see if we should reassess the sentence. Applying the *Winckelmann* factors, first, we determine that there have been no dramatic changes in the penalty landscape or Appellant's exposure to punishment. Second, because a military judge sentenced Appellant, rather than him having been sentenced by court members, we are well-equipped to determine what the military judge would have done. Third, the remaining offenses still capture the gravamen of Appellant's criminal conduct—in fact, it still captures everything Appellant pleaded to in his *Care*[7] inquiry. Considering the totality of the circumstances, the sentence imposed for the remaining specifications remain wholly appropriate for a servicemember who possessed psilocybin mushrooms, and distributed, on divers occasions, psilocybin mushrooms on and off military bases to a multitude of Airmen during his brief military career.

As to the fourth and final factor, based on our expertise and familiarity with the offenses, we are confident we can reasonably reassess the sentence to that which was originally imposed at trial: bad-conduct discharge, to forfeit $1,546.00 pay per month for six months, reduction to the grade of E-1, and a reprimand. Appellant's improvident plea has no impact on his sentence to confinement since he was given none. Pursuant to the plea agreement, the remaining sentence remains in part because those were mandatory terms established by the plea agreement for substantially the same conduct. We note that excluding consideration of the plea agreement, having reviewed the entire record

---

[6] We note that Appellant specifically requested that this court not find any remedy that could "create a question as to whether he has complied with his promises from his plea agreement."

[7] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

of trial considering the *Winckelmann* factors, we are likewise confident that the military judge would have imposed the same sentence. We are particularly persuaded by the fact that the gravamen of Appellant's convicted misconduct remains after the narrowing of the date range, and such conduct was not mitigated by any factors extant in the record. His repeated conduct well justifies a punitive discharge for misconduct, which qualifies as "bad conduct." Accordingly, based on our application of the *Winckelmann* factors, we find sentence reassessment to be appropriate in Appellant's case. 73 M.J. at 16.

### III. CONCLUSION

The date "22 June 2022" is excepted from Specifications 1 and 2 of Charge II, and substituted with "1 January 2024," and the excepted date is **SET ASIDE**. The findings, as modified, are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d). *Manual for Courts-Martial, United States* (2024 ed.). We reassess the sentence to a bad-conduct discharge, forfeiture of $1,546.00 pay per month for six months, reduction to the grade of E-1, and a reprimand. The sentence, as reassessed, is correct in law and fact, and no other error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings, as modified, and sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court